**In re PARAGON NOVELTY BAG CO., Inc.**
**CITY OF NEW YORK v. JERSAWIT.**

No. 211.

Circuit Court of Appeals, Second Circuit.

April 22, 1943.

———◇———

Thomas D. Thacher, of New York City (Arthur A. Segall, Sol., Charles Levine, and Bernard H. Sherris, all of New York City, of counsel), for appellant.

David Haar and Samuel N. Haberman, both of New York City (Robert H. Epstein, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

An involuntary petition in bankruptcy was filed against the bankrupt on June 6, 1941; on June 26, the first meeting of creditors was held. § 57 of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. n, provides: "Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed: Provided, however, That the court may, upon application before the expiration of such period and for cause shown, grant a reasonable fixed extension of time for the filing of claims by the United States or any State or subdivision thereof * * *." Appellant did not, before the expiration of the six months, apply for an extension of time for the filing of any claim by it. On December 29, 1941, it did file a proof of claim for sales and business taxes in the sum of $1500, demanding priority for those taxes. The Referee refused to accept the proof of claim on the ground that it was filed too late. Appellant then moved for leave to file, notwithstanding the delay; the only excuse advanced by appellant was that, through various change of its personnel, the matter was overlooked; at the time when this motion was made there had been no distribution to creditors. The Referee entered an order denying this motion; the district judge, on review, affirmed this order.

§ 57, sub. n, was amended so as to read in its present form in 1938 by the so-called Chandler Act. The matter contained in the proviso then first appeared in the statute. Congress, having, in this proviso, definitely provided that the bankruptcy court might, upon application made by a City before the expiration of the six months, "and for cause shown," grant an extension of time for the City to file its claim, it seems clear that such an extension cannot be granted after the expiration of that period; at best, it could not be granted in the absence of "cause shown"; here no such cause was shown as would make it an abuse of discretion for the court below to refuse to allow the claim to be filed. The statement in the note in Pepper v. Litton, 308 U.S. 295, 304, 305, 60 S.Ct. 238, 244, 84 L.Ed. 281, to the effect that the bankruptcy court "in the exercise of its equitable jurisdiction has power to permit claims to be proved" after the six months "in order to prevent a fraud or an injustice" has no application here; that comment related to the statute before the 1938 amendment; moreover, here there was no showing that to allow the tardy filing of the claim was necessary "in order to prevent a fraud or an injustice." Appellant refers to the provision in § 57, sub. n, as amended, reading, "When in any case all

claims which have been duly allowed have been paid in full, claims not filed within the time hereinabove prescribed may nevertheless be filed within such time as the court may fix or for cause shown extend and, if duly proved, shall be allowed against any surplus remaining in such case." Appellant argues that this provision means that any failure to file a claim within the six-months' period must be excused if any of the assets have not yet been distributed among the creditors who filed their claims within the period. Of course, that is not true. The provision means merely that any surplus, which remains after all claims properly filed have been paid in full, shall be applied to claims tardily filed and shall not be for the benefit of the bankrupt.

Affirmed.