## MILANDO v. PERRONE.

No. 63, Docket 20330.

Circuit Court of Appeals, Second Circuit.

Argued Oct. 14, 1946.

Decided Nov. 7, 1946.

---

Arthur Klein, of New Haven, Conn. (Alfred E. DeCapua, of New Haven, Conn., on the brief), for appellant.

Louis Feinmark, of New Haven, Conn. (Edward J. Sigle, of New Haven, Conn., on the brief), for appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This appeal raises a question as to the power of the bankruptcy court to reopen a long-closed estate which had shown no assets, for the scheduling and eventual discharge of a claim inadvertently omitted from the original schedules. The claim was omitted because of lack of knowledge of the judgment on which it was based; and because of the failure to schedule, the judgment creditor received no notice and had no knowledge of the bankruptcy proceedings during their pendency. His suit in a Connecticut state court to reach newly acquired assets of the bankrupt caused the latter to file the present petitions to reopen the proceedings and amend the schedules. The order appealed from confirms the reopening of the proceedings, previously ordered ex parte, and then provides that if no unadministered assets are disclosed at the first meeting the bankrupt's petition to amend shall be granted, and that the case shall then proceed "in the usual course according to law," with opportunity to the bankrupt to seek discharge "of a scope commensurate with his amended schedules," and to the creditor "to oppose the granting of such a discharge on the merits." The judgment creditor appeals.

Sec. 2, sub. a(8), of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(8), empowers the bankruptcy courts to reopen estates "for cause shown." The previously existing limitation on this power, that it be exercised only as to estates not fully administered, was removed by the Chandler Act in 1938. Since there is no time limitation stated either in the statute or in General Order No. 11, 11 U.S.C.A. following section 53, which provides for amendments to the bankrupt's schedules, the estate should be reopened and the amendment allowed even at this late date if good cause is shown. In re Perlman, 2 Cir., 116 F.2d 49. If, however, the bankrupt's purpose, to bar the creditor's suit, cannot be effected, the reopening and amendment are useless and should not be allowed. Phillips v. Tarrier Co. of Delaware, 5 Cir., 93 F.2d 674, certiorari denied 303 U.S. 655, 58 S.Ct. 759, 82 L.Ed. 1115; In re Dunn, D.C.W.D. Wash., 38 F.Supp. 1017. Indeed, the order below is designed to lead to a discharge if the estate continues to be one of no assets; and that eventual objective is obviously the entire reason for the present proceedings.

In his attempt to reach later-acquired assets of the bankrupt, the creditor is protected against the bar of the discharge heretofore granted by § 17, sub. a (3), of the Bankruptcy Act, 11 U.S.C.A. § 35, sub. a(3). This section provides that a discharge shall not release a bankrupt from a debt which he has not scheduled in time for it to be proved and allowed in the bankruptcy proceedings unless the creditor has notice or actual knowledge of the proceedings. The courts have no power to disregard this clear language. In re Spicer, D.C.W.D.N.Y., 145 F. 431; Birkett v. Columbia Bank, 195 U.S. 345, 350, 25 S.Ct.

38, 49 L.Ed. 231. As pointed out in the latter case, this section requires that if a creditor is to be barred he must receive information of the bankruptcy proceeding in time to participate in the administration of the estate as well as to share in the dividends. The fact that the judgment creditor in this case would have received no dividends if he had been able to prove his claim would therefore not be a sufficient reason to disregard the mandate of this section, even if the courts had power to disregard it. The consequence is that, unless the creditor can now be forced to prove his claim for its allowance, he cannot be barred from his ordinary remedies upon it.

The time allowed by § 57, sub. n, 11 U.S.C.A. § 93, sub. n, for the filing of creditors' claims is six months from the first date set for the first meeting of creditors. This time has of course long since elapsed. It now appears settled, particularly in the light of the still more detailed provisions brought into the statutory scheme by the 1938 amendments, that the bankruptcy court cannot extend the statutory period, even upon application of the creditor, except perhaps "in order to prevent a fraud or an injustice." The words just quoted appear in a footnote to Pepper v. Litton, 308 U.S. 295, 304, 305, 60 S.Ct. 238, 244, 84 L.Ed. 281, to illustrate the generalization that "the bankruptcy courts have exercised these equitable powers in passing on a wide range of problems arising out of the administration of bankrupt estates." As pointed out in several decisions since, which doubt the power of the bankruptcy court to extend this period, particularly under the present amendments to the Act, the statement of the Supreme Court is a dictum which should not be taken as placing a final stamp of approval on propositions not necessary to the Court's decision. In re Paragon Novelty Bag Co., 2 Cir., 135 F.2d 210; In re Harmack Produce Co., D.C.S.D.N.Y., 44 F.Supp. 1. See also Hi-Flier Mfg. Co. v. Haberman, 2 Cir., 115 F.2d 918; Tarbell v. Crex Carpet Co., 8 Cir., 90 F.2d 683; Bowman v. Mac-Pherson, 10 Cir., 93 F.2d 318; In re Ebeling, 7 Cir., 123 F.2d 520; 3 Collier on Bankruptcy, 14th Ed. 1941, 320, and cases there collected. But whether there is such a reserve of power need not be explored further here, since the creditor is not making the application, and there is no fraud or injustice so far as the bankrupt is concerned in applying the statute as written to cases of inadvertent omissions of claims. The District Court suggested that the creditor could not be harmed where the estate showed no assets; but this overlooks the all-inclusive operation of § 17, sub. a(3), which was not cited or discussed below, and thus inserts into the statute an exception not within its terms. It is only just that he who seeks the protection of a statutory bar against payment of his debts be required to bring himself within the provisions of the statutory grant. See Hill v. Smith, 260 U.S. 592, 595, 43 S.Ct. 219, 67 L.Ed. 419.

Moreover, the effect of a bankruptcy discharge under § 17, sub. a(3), is finally determined by the court in which the bankrupt seeks to use it as a bar, in this case a Connecticut state court. Compare In re Harmack Produce Co., supra. If we granted the bankrupt's motion to amend, we could still not control the decision of the Connecticut court unless we were willing to enjoin the prosecution of the creditor's suit there. This, it seems, we have some power to do, under the much discussed case of Local Loan Co. v. Hunt 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195;[1] but this ancillary jurisdiction is exceedingly narrow, to be exercised only "under unusual circumstances" or "where special embarrassment arises." Ciavarella v. Salituri, 2 Cir., 153 F.2d 343, 344, and authorities there cited. Whatever be its extent, obviously we shall not exercise it to achieve a result diametrically opposed to the clear language of § 17, sub. a(3). Any attack upon the original judgment, as for usury, is now barred, under Heiser v. Woodruff, 66 S.Ct. 853. The petitions should therefore have been dismissed.

Reversed for dismissal of the petitions.

[1] See Glenn, Effect of Discharge in Bankruptcy; Ancillary Jurisdiction of Federal Court, 30 Va.L.Rev. 531; 1 Collier on Bankruptcy, 14th Ed.1940, 1657-1060, and 1945 Cum.Supp., 228-233.