**In the Matter of John Paul BENAK, Bankrupt.**

**No. BK 73-0-286.**

United States District Court,
D. Nebraska.

April 4, 1974.

Patrick A. Parenteau of Legal Aid Society of Omaha, Council Bluffs, Robert S. Catz, Washington, D. C., for John Paul Benak, bankrupt.

M. Brian Schmid, Omaha, Neb., for Bruce L. Stearnes, creditor.

MEMORANDUM DECISION

DENNEY, District Judge.

This matter comes before the Court upon appeal of a memorandum and order of the Bankruptcy Judge. The bankrupt has supported the appeal by brief, in accordance with Rule 808(1) of the Bankruptcy Rules. No other party has responded by brief, as required by Rule 808(2). In these circumstances, oral arguments will not be necessary and the Court so orders. Rule 809 B.R.

The memorandum and order appealed from denied the bankrupt permission to amend his schedule of creditors to include Bruce L. Stearnes as an unsecured creditor. The bankrupt's debtor's petition was filed on March 5, 1973. The first meeting of creditors was held on March 20, 1973. On April 12, 1973, the trustee filed his Report and on July 31, 1973, an order was entered approving the Trustee's Report of no Assets and Closing Estate.

Under § 57n, 11 U.S.C. § 93n, of the Bankruptcy Act, claims which are not filed within six months after the first date set for the first meeting of

creditors are not allowed. Herein, that date would be September 20, 1973. On November 9; 1973, the application to amend the schedule of creditors was filed. The memorandum and order of the Bankruptcy Judge was dated November 30, 1973. In denying permission to amend, the Bankruptcy Judge relied mainly upon the 8th Circuit opinion, In re Hawk, 114 F. 916, 52 CCA 536 [8th Cir. 1902], for the proposition that after the six month period has run the Bankruptcy Court has no power under § 57n to allow an amendment by a bankrupt to the schedule of creditors.

The Court finds such reliance to be misplaced. In re Hawk, *supra*, on its facts was a case where, after the discharge, the bankrupt allowed the creditor to become indebted to the bankrupt. Then the bankrupt sought to amend the schedules to list the amount owing the creditor by the bankrupt. The Court found the net effect would be to prevent the creditor from using the bankrupt's debt to offset against his own, which was an inequitable result, and held in such circumstances the Court has no power, because of § 57n, to allow the amendment. This Court would agree, but the case at bar is not one in which any such inequitable result is sought to be obtained by the bankrupt.

 Later cases, such as Robinson v. Mann, 339 F.2d 547 [5th Cir. 1964], are more applicable to the facts of the case at bar. Those cases hold that the amendment may be allowed after the six month period if exceptional circumstances exist, appealing to the equitable discretion of the bankruptcy court. The exceptional circumstances usually require that the case be a no-asset one; that there be no fraud or intentional laches; and that the creditor was omitted through mistake or inadvertence. 1A Collier on Bankruptcy ¶ 7.12. Consideration should also be given to the closeness of the running of the six month period to when the amendment is sought.

The Court is of the opinion that this determination of exceptional circumstances is, in the first instance, for the Bankruptcy Judge, and the Court will reverse the memorandum and order appealed from, with instructions for the Bankruptcy Judge to make such a determination based upon the factors set out above.

An order pursuant to this memorandum will be entered contemporaneously herewith.