**In re Kit JORDAN, Bankrupt.**

**Bankruptcy No. 79 B 1860.**

United States Bankruptcy Court,
E. D. New York.

June 29, 1982.

Gilbert A. Holmes, New York City, for debtor.

Stern & Peshkin, P. C., New York City, for Avco Financial Services.

### DECISION AND ORDER

CONRAD B. DUBERSTEIN, Bankruptcy Judge:

#### STATEMENT OF FACTS

The bankrupt, Kit Jordan ("Jordan"), filed his petition in bankruptcy pursuant to the Bankruptcy Act on July 3, 1979. By virtue of 11 U.S.C.A. Section 403(a), this case is governed by the provisions of the Bankruptcy Act and not the Bankruptcy Code.[1] Jordan failed to include Avco Financial Services ("Avco") as a creditor in his schedules. While Jordan claims that he attempted to file an amendment to his schedules to add Avco on October 1, 1979,

---

1. The savings provision contained in 11 U.S.C. 403(a) states that "A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding, as if the Act had not been enacted."

neither the court nor the omitted creditor received it. The order for the First Meeting of Creditors set the last day to file objections to discharge and dischargeability as September 14, 1979. In addition, the order stated that all claims must be filed within six months of the date of the First Meeting, which was set as July 31, 1979, thereby making January 31, 1980, the last date to file claims. On July 17, 1980, the bankrupt received his discharge.

Jordan's estate consists of $350, which is still in the possession of the trustee. Thus, the case still remains open. It is clear that unsecured creditors will receive no distribution since the priority claims, as filed and allowed, total more than $3,500.

Avco claims that it lacked notice or actual knowledge of Jordan's bankruptcy until August 15, 1980. On that date, Avco having recovered a default judgment against Jordan, attempted to garnish his wages and learned of the bankruptcy. One week later, Jordan moved for an order permitting him to add the debt owed to Avco to his schedules. Avco objected on the grounds that granting petitioner's requested relief so late in the bankruptcy proceedings would result in harsh and unfair treatment to Avco causing it to suffer a loss of property without having had the opportunity to participate in the administration of the estate.

## ISSUES

1. The issues presented to the court are as follows:

1. Does the bankruptcy court have the power to deny a bankrupt leave to amend his schedules to add a previously unscheduled debt, when the bankrupt attempts to amend his schedules after discharge and the expiration of time for filing claims, but before the case is closed?
2. What effect does the scheduling of a debt after the expiration of the time for filing a proof of claim have on the dischargeability of the debt?

## CONCLUSIONS OF LAW

Pursuant to Rule 110 of the Rules of Bankruptcy Procedure, which became effective on October 1, 1973

"a bankrupt may amend his schedules *as a matter of course at any time before the case is closed.* The court may, on motion or application of any party in interest, or on its own initiative, order any voluntary petition, schedule, or statement of affairs to be amended." (Emphasis added).

The phrase "as a matter of course" found in the first sentence of Rule 110 means without any action by the court. *In re Teena Creations, Inc.*, 18 C.B.C. 135 (S.D.N.Y.1978) quoting 12 Collier on Bankruptcy Section 110.02 at 1.50 (14th Ed. 1979) (citing Rule 15 of the Federal Rules of Civil Procedure). (*See,* Bankruptcy Rule 715). Although the Rule states a time period within which a bankrupt may amend as a matter of course, i.e., "at any time before the case is closed," Avco argues that notwithstanding this Rule, the court as a court of equity, has the power to deny this motion to amend even though brought by the bankrupt. Avco cites what it believes to be the debtor's intentional laches and lack of good faith, in pursuing its prior request to amend, as factors to be considered against the debtor in balancing the equities.

Pertinent case law fails to support Avco's position. In *In re Gershenbaum*, 598 F.2d 779 (3rd Cir. 1979) the debtor made an application to amend his schedules and add an omitted creditor, after his discharge was granted but before the case was closed. The omitted creditor contended that Rule 110 gave the bankruptcy court discretion to deny an amendment made by application of the bankrupt prior to the closing of the case. The Third Circuit rejected this contention by stating:

"Although the second sentence of the Rule is not free from ambiguity and clarification by the Advisory Committee would be most helpful, we interpret this part of Rule 110 as pertaining only to amendments proposed by the Court sua sponte or by persons other than the bankrupt." *Id.* at 781

The court has discretion to deny the application to amend when the amendment

is proposed by parties in interest other than the bankrupt, but "(W)hen the bankrupt files an application to amend .... the court's only role under Rule 110 is to decide who should be given notice of the amendment. It does not have discretion to deny leave to amend or to require a showing of good cause." *Gershenbaum, id.*

In *In re Schreibman*, 1 B.C.D. 112 (S.D.N.Y.1977), the bankrupt made a motion to amend his schedules after his discharge. The case had been closed on November 24, 1972, but reopened one year later upon application of the Trustee to liquidate an unadministered asset. At the time of the bankrupt's motion, July 22, 1974, the case was still open. The Schreibman court held that Rule 110 means "that as long as the case is not closed, the bankrupt's schedules may be amended as a matter of course, even without obtaining the court's order or permission. Therefore, the only inquiry within the court's jurisdiction is whether at this point and time, the case is or is not closed." The court, finding that the case was still open, granted the bankrupt's motion to amend. *Id.* at *113.*

▮ In light of the sound reasoning of the foregoing authorities, this court finds that it has no authority to deny the bankrupt's application to amend.

Having been authorized to amend its schedules to include Avco as a creditor, the bankrupt seeks further to discharge the obligation. However, an amendment under Rule 110 does not of itself work a discharge of the added obligation. The Advisory Committee's note to Rule 110 states "If a schedule is amended to include an additional creditor, the effect on the dischargeability of the creditor's claim is governed by the provisions of Section 17 of the Act. (See particularly Section 17(a)(3)." *See also In re Schreibman, supra* at 113; *In re Gershenbaum, supra* at 783.

Section 17(a)(3) of the Bankruptcy Act provides that "a discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as have not been duly scheduled *in time for proof and allowance*, with the name of the creditor, if known to the bankrupt, unless such creditor had had notice *or actual knowledge of the proceedings in bankruptcy.*" (Emphasis added).

Section 57(n) of the Bankruptcy Act provides that "claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed." Rule 302(e) of the Bankruptcy Rules states that "A claim must be filed within 6 months after the first date set for the first meeting of creditors..." Both Section 57(n) and Rule 302(e) enumerate limited exceptions to the 6 month rule but those are inapplicable to the case at bar. Rule 906(b) provides that the time period for filing claims, may not be extended (except to the extent and under the conditions stated in Rule 302(e)). In addition, case law has historically treated the six month limitation as a statute of limitations. *See In re Brill*, 52 F.2d 636 (S.D.N.Y.1931) ("This is a statute of limitations. It is even more. It is a prohibition. It is preemptory") aff'd. 52 F.2d 639 (2d Cir. 1931) (per curiam); *In re 74 Knowles Street Corporation*, 52 F.Supp. 715 (E.D.N.Y.1943); *In re Data Transmission Company*, 6 B.C.D. 22 (Bkrtcy, E.D.Virginia 1980).

▮ Since both the motion to amend the schedules and Avco's discovery of the bankruptcy occurred subsequent to the time fixed for a creditor to file a claim (the prerequisite for allowance of such claim), Section 17(a)(3) mandates that the obligation owed to Avco is precluded from Jordan's discharge.[2]

The severity of this result has led courts in several other circuits to weigh the equity power of the Bankruptcy Court against the

---

**2.** As stated earlier, Avco contends that it lacked notice or actual knowledge of Jordan's bankruptcy proceeding until August 15, 1980, approximately seven months after the last date to file claims had expired. Thus, the notice-knowledge exception in Section 17a(3) is inapplicable since the law contemplates that the notice or knowledge be "received in time to allow the creditor to prove his claim..." 1A *Collier on Bankruptcy* 14th Ed. Paragraph 17.-23 at P. 1695. The bankrupt has the burden of proving that the creditor had the type of notice

effect of the Section 17(a)(3) nondischargeability rule and tip the balance in favor of the debtor where certain circumstances exist. "The exceptional circumstances usually require that the case be a no-asset one; that there be no fraud or intentional laches; . . . that the creditor was omitted through mistake or inadvertence." *In re Benak*, 374 F.Supp. 499 at 500 (1974). Consideration of the closeness of the running of the six month period to when the amendment is sought has also been relevant to such a determination. *In re Benak, id.*

In *In re Meacham*, 13 C.B.C. 574 (W.D.Pa. 1977), the debtor was allowed to amend his schedules to add an omitted creditor and discharge the debt after the time for proving claims had expired and the case closed. In reaching this conclusion the *Meacham* court stated that "While debtors' schedules cannot ordinarily be amended to include additional creditors after the time for filing claims has expired, this requirement has been relaxed in no-asset cases in which the creditor suffered no damage from the failure of the debtor to list him in the schedules or his lack of knowledge of the proceedings because of the absence of assets against which his claim could have been allowed." *Meacham, id.* at 575, 576; *See Fourteenth Avenue Security Loan Ass'n. v. Squire*, 96 F.2d 799 (3rd Cir. 1938);

The equity power approach followed by the foregoing authorities, allowing the discharge of a debt added to the schedules after the time for filing claims has expired, has not been adopted in this Circuit. In *Milando v. Perrone*, 157 F.2d 1002 (2d Cir. 1946) the court refused to allow the debtor to reopen bankruptcy proceedings to amend his schedules to include an inadvertently omitted claim and permit the discharge of that debt in a no-asset case. The court determined that it had no power to disregard Section 17(a)(3). Even though there were no assets for distribution to the creditor whose debt was sought to be included in the case, the court found that expiration of the time to file claims precluded the amendment. The court further rejected the "no asset case" exception because to do otherwise would result in the rewriting of Section 17(a)(3) in a way that is "diametrically opposed" to its clear language. The court concluded that this was not an inequitable result. On the contrary, *Milando* relied on an equitable basis for its conclusion in stating that "(I)t is only just that he who seeks the protection of a statutory bar against the payment of its debts be required to bring himself within the provisions of the statutory grant." *Milando, id.* at 1009.

The *Milando* decision has been consistently followed by the lower courts in this Circuit. *See In re Bloomfield*, 3 B.C.D. 761 (S.D.N.Y.1977); *In re Bonder*, 2 B.C.D. 353 (E.D.N.Y.1976); *In re Alpert* Bankruptcy No. 180–04119–21 (Goetz, B. J. April 13, 1981); *In re Hall*, Bankruptcy No. 181–10868–21 (Goetz, B. J. November 4, 1981). Both *Bloomfield* and *Bonder*, decided after the effective date of Bankruptcy Rules 110 and 515,[3] rejected the notion that these rules affect the purport of Section 17(a)(3) and the *Milando* decision.[4]

The fact that *Milando, Bonder, Bloomfield, Hall* and *Alpert* involved bankruptcy cases already closed at the time the debtor sought discharge from the unscheduled debt and the case at bar was and is still open, is

or actual knowledge that would not bar the discharge of the debt. *Hill v. Smith*, 260 U.S. 592, 43 S.Ct. 219, 67 L.Ed. 419 (1923). Jordan has not disputed Avco's contention. Thus, this court deems that Avco did not have knowledge or actual notice, the same not having been raised as an issue.

3. Rule 515 of the Bankruptcy Rules provides in pertinent part that "A case may be reopened on application by the bankrupt or other person to administer assets, to accord relief to the bankrupt, or for other good cause . . ."

4. In *Milando v. Perrone*, the court refused to allow the debtor to reopen his bankruptcy proceedings not because the bankruptcy court lacked the power to reopen to amend but because the court reasoned that if the debt cannot be discharged "the reopening and amendment are useless and should not be allowed." *Id.* at 1003. The successor cases to *Milando*, hereinabove cited, followed the same reasoning. This court employs a different analysis on this point. *Milando v. Perrone* was decided approximately 25 years before Bankruptcy Rule 110 was enacted. The Advisory Committee note to Rule 110 contemplates that the right to amend should be treated separate and apart from the right to discharge the newly added obligation. The amendment itself does not have the effect

of no consequence. The reasoning and result in the former decisions did not hinge on the fact that the proceeding was closed, but rather that the passing of time had made it impossible for the creditor's claim to be proved and allowed at the point when the bankrupt made his request for relief; that is, the six month period for filing a proof of claim had expired.

A critical reexamination of the *Milando* decision serves to reaffirm its reasoning as well as that of the more recent authorities that have followed it. There neither was nor is there any rule or provision under the former Bankruptcy Act which provides for the extension of time to file a claim in the event that a creditor is omitted. Therefore, there is no way to avoid the consequences of Section 17(a)(3) where the last date to file proofs of claim has been scheduled and has expired.

Since it appeared at the outset that there might be enough assets for a distribution to creditors, an "asset" notice was mailed. This means that the notice of first meeting of creditors contained a date before which claims had to be filed. Several proofs of claim were in fact filed. Although it now appears that there will be no distribution to unsecured creditors, Avco could still be prejudiced if its debt is included within the ambit of the debtor's discharge. If assets are hereafter discovered, a creditor, such as Avco, who did not originally file a claim would be unable to share in the distribution, unless every other creditor with a timely filed allowed claim was paid in full. Bankruptcy Rule 302(e)(5).[5] *In re Paragon Novelty Bag Co. Inc.*, 135 F.2d 210 (2d Cir. 1943).

The harm to the bankrupt, on the other hand, is minimal. Under the Bankruptcy Code, which became effective October 1, 1979, Mr. Jordan may file a petition for relief under Chapter 7, include Avco as a creditor and thus subject it to the dischargeability provisions of Sections 525 and 727 of the Code, although he would not be eligible for a discharge until 6 years from the date of filing of the first petition in bankruptcy which occurred on July 3, 1979.[6] However, if the debtor meets the requirements of Chapter 13 he may file a petition for relief under that Chapter at any time and include Avco's claim in a Chapter 13 plan. If the plan is confirmed pursuant to Section 1325 of the Bankruptcy Code and the debtor complies with the provisions of Section 1328 of the Bankruptcy Code, the debtor will be discharged from this debt.[7] This exact situation occurred in *In re Bonder*, 3 B.R. 623, 6 B.C.D. 257 (Bkrtcy.E.D.N.Y.1980). In *Bonder*, my distinguished colleague, Honorable Robert John Hall, held that since a debt that was excepted from discharge in a prior bankruptcy case pursuant to Bankruptcy Act Section 17(a)(3) is

of creating rights and it does serve to provide the court and the public with complete and accurate information. *Cowans*, Bankruptcy Law and Practice 2d Ed. Section 282. In addition, failure of the bankrupt to bring an additional creditor to the court's attention may cause the bankrupt to be guilty of a criminal offense pursuant to 18 U.S.C. Section 152. Once it is brought to the court's attention, there is a duty imposed upon the court by Section 39(a)(3) of the Bankruptcy Act and Bankruptcy Rule 110 to correct the omission. Section 39(a)(3) provides that "Referees shall examine all schedules of property, lists of creditors, and statements of affairs, filed as provided under the Act, and cause such as are incomplete and defective to be amended." As such, the better practice and that which this court believes was contemplated by the Bankruptcy Act and Rules is to allow the reopening pursuant to Rule 515 and the amendment pursuant to Rule 110 even though the debt may never be

discharged under Section 17 of the Bankruptcy Act.

5. Bankruptcy Rule 302(e)(5) states that "If all claims allowed have been paid in full, the court may grant a reasonable, fixed extension of time for the filing of claims not filed within the time hereinabove prescribed against any remaining surplus."

6. Thus, a discharge under a second petition in bankruptcy could not be granted prior to July 3, 1985.

7. Section 523(b) provides
"... a debt that was excepted from discharge under .... 17a(3) ... of the Bankruptcy Act, ... in a prior case concerning the debtor ... under the Bankruptcy Act, is dischargeable in a case under this title unless by the terms of subsection (a) of this section, such debt is not dischargeable in the case under this title." (Emphasis added).

expressly made dischargeable by 11 U.S.C. Section 523(b) of the Bankruptcy Code in a subsequent bankruptcy case, the filing of a Chapter 13 plan for the purpose of discharging that debt did not constitute bad faith, (good faith being one of the requirements for the confirmation of a Chapter 13 plan).

For all of the foregoing reasons, the debt owed to Avco Financial Services will remain unaffected by this bankruptcy proceeding.