**In the Matter of Carmen L. SWAIN, Debtor.**

**Bankruptcy No. 2–81–01148.**

United States Bankruptcy Court, D. Connecticut.

July 9, 1982.

Thomas F. Kelsey, West Hartford, Conn., Trantolo & Trantolo, Cromwell, Conn., for debtor.

## MEMORANDUM AND ORDER

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

Carmen L. Swain, the debtor, filed a voluntary chapter 7 petition on November 3, 1981. The court fixed January 4, 1982 as the last day for the filing of objections to discharge or to determine dischargeability of a debt. No objections having been received, the court granted the debtor a discharge on January 6, 1982. The estate's trustee then filed a no asset report, and the case was closed on February 9, 1982. On April 2, 1982, the debtor filed an application to reopen the case for the purpose of amending her schedules to list three creditors previously omitted.[1] The court, in an oral ruling, denied the motion to reopen on May 19, 1982, adverting to the holding in *Milando v. Perrone*, 157 F.2d 1002 (2nd Cir. 1946) that cases cannot be reopened in order to list inadvertently omitted creditors. The debtor has requested the court to reconsider its order and presented the following testimony. At the time of her original petition the debtor furnished her attorney with a list of all her creditors, including the three omitted creditors. However, a secretary of

the attorney advised her that the debts to the three creditors, being educational loans, could not be discharged. The secretary told the debtor that these three creditors would be left off the creditor schedules filed with the bankruptcy court. On February 5, 1982, the debtor attended a § 524(d) discharge hearing where the debtor heard the court discuss debts which are not affected by a discharge. She then contacted her attorney leading to the motion to reopen her case.

### II.

There is authority in other circuits approving the reopening of cases "in exceptional circumstances" to allow debtors to amend their schedules to list omitted creditors. *See Robinson v. Mann*, 339 F.2d 547 (5th Cir. 1964); *In re Benak*, 374 F.Supp. 499 (D.Neb.1974); *In re Souras*, 19 B.R. 798 (Bkrtcy.Ct., E.D.Va.1982); *In re Holloway*, 10 B.R. 744 (Bkrtcy.Ct., D.R.I.1981); *In re Callaham*, 3 B.C.D. 501 (Bankr.Ct., D.Ore. 1977). Nevertheless, I believe that the rule set forth in *Milando, supra*, remains valid law in the Second Circuit and is binding upon me. In *Milando*, a debtor applied to reopen his closed nonasset case for the purpose of scheduling and discharging a claim inadvertently omitted from the original schedule. The Court of Appeals reversed the lower courts' granting of the debtor's application, holding that since the reopening and amendment would be useless to effect a discharge of the debt of the omitted creditor, the reopening of the case should not be allowed. At that time, § 17(a)(3) of the Bankruptcy Act of 1898 provided that a discharge shall not release a bankrupt from a debt which is not scheduled in time to be proved and allowed in the bankruptcy proceeding unless the creditor had notice or actual knowledge of the proceeding. The Court of Appeals first noted that the "courts have no power to disregard this clear language." 157 F.2d at 1003. It then reasoned that "[i]t is only just that he who seeks the protection of a statutory bar

---

1. All three creditors made educational loans to the debtor totaling $6,124.49.

against payment of his debts be required to bring himself within the provisions of the statutory grant." *Id.* at 1004. The court also concluded that whether an estate has assets or not is irrelevant. *Milando* was decided in 1946. After the advent of the bankruptcy rules, a bankruptcy court in *In re Broomfield*, 3 B.C.D. 760 (Bankr.Ct., S.D. N.Y.1977) determined in a carefully reasoned opinion that the *Milando* rule continues to be the controlling law of this Circuit. *See also In re Bonder*, 2 B.C.D. 353 (Bankr. Ct., E.D.N.Y.1976); *cf. In re Farmer*, 2 B.C.D. 1533 (Bankr.Ct., W.D.Pa.1976).

It remains to decide whether the language of § 523(a)(3) of the Bankruptcy Reform Act, the counterpart of § 17(a)(3), changes this conclusion.[2] The legislative history is murky. On the one hand, without explanation, the floor statements in the House and Senate indicate that § 523(a)(3) "is intended to overrule *Birkett v. Columbia Bank*, 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231 (1904)", a decision cited by the *Milando* court.[3] 124 Cong.Rec. H 11,095–96 (September 28, 1978); S 17,412–13 (October 6, 1978).

On the other hand, H.Rep. 595, 95th Cong. 1st Sess. 364 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6320 states that

> [u]nscheduled debts are excepted from discharge under [§ 523(a)(3)]. The provision, derived from section 17a(3), follows current law, but clarifies some

uncertainties generated by case law construing 17a(3). The debt is excepted from discharge if it was not scheduled in time to allow timely action by the creditor to protect his right, unless the creditor had notice or actual knowledge of the case.

I find nothing in this review of the legislative history to indicate that the changes in language between § 17(a)(3) and § 523(a)(3) were meant to overrule the holding of *Milando* as to *closed* cases.

Accordingly, the debtor's motion must be, and hereby is, denied.

---

**2.** *11 U.S.C. § 523. Exceptions to discharge.*
(a) A discharge . . . does not discharge an individual debtor from any debt—

.    .    .    .    .

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or

actual knowledge of the case in time for such timely filing and request . . . .

**3.** In *Birkett*, the Supreme Court held that the actual knowledge contemplated by § 17(a)(3) is a knowledge in time to give a creditor "an equal opportunity with other creditors—not a knowledge that may come so late as to deprive him of participation in the administration of the affairs of the estate or to deprive him of dividends." 195 U.S. at 350. Under *Birkett*, that time could be from the very inception of the case, e.g., the opportunity to vote for a trustee at a creditors' meeting. Under § 523(a), the time is more flexible and may extend to the date by which objections to discharge or dischargeability must be filed, or the rights to distribution determined under 11 U.S.C. § 726(a).