**In the Matter of Anthony John ZABLOCKI, Joanne Michelle Zablocki, Debtors.**

**Bankruptcy No. 2-83-00184.**

United States Bankruptcy Court, D. Connecticut.

Jan. 26, 1984.

Brian W. Smith, Legal Assistance to Prisoners, Hartford, Conn., for debtors.

## MEMORANDUM AND ORDER GRANTING MOTION TO REOPEN CASE

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

On March 8, 1983, Anthony John Zablocki and Joanne Michelle Zablocki (debtors) filed a joint chapter 7 petition in this court. At that time, Anthony John Zablocki was in a Connecticut correctional institution and the petition was prepared by a Legal Assistance to Prisoners attorney. The debtors scheduled unsecured debts of $15,152.46 but their attorney inadvertently omitted the Red River Credit Union (Red River) located in Dallas, Texas from the list of creditors. The debtors' assets totalled $4,020.00 and were claimed as exempt. Pursuant to former Fed.R.Bankr.P. 203(b),[1] the court did not set a claims bar date and a no-asset notice was sent to scheduled creditors which fixed May 14, 1983 as the last day to file objections to discharge and complaints to determine dischargeability of any debt pursuant to 11 U.S.C. § 523(c). The court granted each debtor a discharge on June 29, 1983, and on July 27, 1983, closed the case.

The debtors now seek by application filed November 28, 1983, to reopen the case pursuant to 11 U.S.C. § 350(b)[2] and Fed.R.Bankr.P. 5010[3] in order to amend their schedule of creditors by adding Red River. Debtors make no allegations concerning any notice or knowledge Red River may have had of the case, see 11 U.S.C. § 523(a)(3),[4] but claim that they would be entitled to a discharge from this debt.

### II.

In *Matter of Swain,* 21 B.R. 594, 6 C.B. C.2d 1242 (Bkrtcy.D.Conn.1982), I considered whether or not a debtor may reopen a no-asset case to add a creditor to his schedules in order to procure a discharge. In *Swain,* I decided that *Milando v. Perrone,* 157 F.2d 1002 (2d Cir.1946), which held that under the former Bankruptcy Act a

---

1. Former Rule 203(b) provided:

   If it appears from the schedules that there are no assets from which a dividend can be paid, the court may include in the notice of the first meeting a statement to that effect, that it is unnecessary to file claims, and that if sufficient assets become available for the payment of a dividend, the court will give further notice of the opportunity to file claims and the time allowed therefor.

   Current Fed.R.Bankr.P. 2002(e) is to the same effect:

   In a chapter 7 liquidation case, if it appears from the schedules that there are no assets from which a dividend can be paid, the notice of the meeting of creditors may include a statement to that effect; that it is unnecessary to file claims; and that if sufficient assets become available for the payment of a dividend, further notice will be given for the filing of claims.

2. 11 U.S.C. § 350(b) provides:

   A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause. 11 U.S.C.A. § 350(b) (West 1979).

3. Fed.R.Bankr.P. 5010 states:

   A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code.

4. 11 U.S.C. § 523(a) provides in relevant part:
   (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

   > (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
   > (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
   > (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request; ....

   11 U.S.C.A. § 523(a) (West 1979).
   Section 521(1) requires a debtor to file a list of creditors.

no-asset case could not be reopened by the debtor to permit the scheduling of an omitted creditor, compelled that same result under the current Bankruptcy Code. No consideration was given to the significance of the court's not setting a claims bar date. Recently, the Court of Appeals for the Seventh Circuit decided *Stark v. St. Mary's Hospital (Matter of Stark)*, 717 F.2d 322 (7th Cir.1983), which held that "[i]n a no-asset bankruptcy where notice has been given pursuant to Rule 203(b), a debtor may reopen the estate to add an omitted creditor where there is no evidence of fraud or intentional design," *id.* at 324. In the light of *Stark,* I have decided to review the rationale of *Swain,* when applied to a situation where a bar date for filing claims has not been set.

### III.

Upon re-examination, I conclude that the result in *Stark* would be a proper result in this circuit under current law and *Milando* does not compel a different outcome.

The *Milando* court reached its conclusion by an analysis of the then current statutory scheme. Section 57n of the prior Act provided, "[c]laims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed . . . ." *Milando* noted that it was well settled that "the bankruptcy court [could not] extend the statutory period, even upon application of the creditor, except perhaps 'in order to prevent fraud or injustice,' " *id.,* 157 F.2d at 1004 (citation omitted). *Milando* concluded that a debtor seeking the protection of the Bankruptcy Act was in no position to plead that "fraud or injustice" resulted from his own defec-

tive schedules. *Id.* Section 17(a) of the former Act provided:

> A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as
>
> .    .    .    .    .
>
> (3) Have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy.

Noting that "[t]he courts have no power to disregard this clear language," *Milando,* 157 F.2d at 1003, the court condemned the reopening of the case to amend the debtor's schedules as but idle formality since the bankrupt's purpose, the discharge of the unscheduled debt, could not be achieved, *id.* at 1003–04.

Relevant law has changed since *Milando* was decided. In 1973, former Fed.R. Bankr.P. 203(b) and 302(e)[5] became effective. These rules created a no-asset exception to the six-month bar for the filing of claims. The statutory six-month bar disappeared when the Code became effective in 1979,[6] leaving only the six-month provision in Rule 302. In August, 1983, Rule 302 was replaced by Fed.R.Bankr.P. 3002 which provides, in pertinent part, as follows:

> (c) In a chapter 7 liquidation . . ., a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:
>
> .    .    .    .    .
>
> (5) If notice of insufficient assets to pay a dividend was given to creditors pursu-

---

**5.** Former Fed.R.Bankr.P. 302(e) provided in pertinent part:

A claim must be filed within 6 months after the first date set for the first meeting of creditors, except as follows:

.    .    .    .    .

(4) If notice of no dividend was given to creditors pursuant to Rule 203(b), and subsequently the payment of a dividend appears possible, the court shall notify the creditors of that fact and shall grant them a reasonable, fixed time for filing their claims of not

less than 60 days after the mailing of the notice or 6 months after the first date set for the first meeting of creditors, whichever is the later.

**6.** Section 501(a) merely states that "[a] creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest." 11 U.S.C.A. § 501(a) (West 1979).

The time limits for filing were left to the rules.

ant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proof of claim within 90 days after the mailing of the notice. Therefore, as the court noted in *Stark,* when a no-asset notice has been sent to creditors and no subsequent dividend notice has been sent, a creditor scheduled incident to a reopening has not lost his opportunity to file a proof of claim sufficient for him to share equally in a subsequent distribution with creditors who were initially scheduled. *Stark,* 717 F.2d at 324.

Section 523(a)(3), the legislative successor to § 17(a)(3) of the former Act, further changes prior law. In addition to a provision concerning the timely proof of claim, § 523(a)(3)(B) also provides that if a debt is of a kind specified in § 523(a)(2) (obtaining money, property, service or credit by fraud or a false financial statement), § 523(a)(4) (fraud or defalcation by a fiduciary, embezzlement or larceny) or § 523(a)(6) (willful and malicious injury), the debt to be discharged must be scheduled in time to permit a request for a determination of dischargeability under one of those paragraphs. *See* 11 U.S.C. § 523(a)(3)(B). There are certain time restrictions on a creditor's right to request a determination of dischargeability under § 523(a)(2), (4) or (6). Section 523(c) provides:

> Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

11 U.S.C.A. § 523(c) (West 1979). Fed.R. Bankr.P. 4007, dealing with determinations of dischargeability, provides:

> (b) A complaint other than under § 523(c) may be filed at any time. . . .
> (c) A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). . . . On Motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

The mere passage of the date beyond which a § 523(c) determination of dischargeability may be sought does not, alone, trigger the § 523(a)(3)(B) exception to discharge. If that were so, under these circumstances Red River's debt would be nondischargeable on its face and the *Milando* result would be compelled. Instead, to establish the § 523(a)(3)(B) exception, a creditor must show that he actually had grounds under § 523(a)(2), (4) or (6) and that the debtor's failure to schedule him deprived him of the opportunity to assert these grounds at the proper time. *See* 1 Norton, *Bankruptcy Law and Procedure,* § 27.67 at 94 n. 10 (1981). As § 523(c) expressly provides, when § 523(a)(2), (4) or (6) issues are presented in a § 523(a)(3)(B) context, they are not subject to the restrictions of § 523(c) or, therefore, Rule 4007. *See In re Ratliff,* 27 B.R. 465, 467–68, 10 B.C.D. 352, 354 (Bkrtcy.E.D.Va.1983).

Red River may or may not have grounds for nondischargeability under § 523(a)(2), (4) or (6). The possibility that Red River may not have these, or any, grounds under § 523(a) and that its debt may be dischargeable even though belatedly scheduled, is sufficient to keep the reopening of this case from being the idle formality which *Milando* condemned. I am aware that a reopening and related scheduling will not restore a creditor to all the rights it would have had, had the creditor been scheduled initially, e.g., the right to object to the debtor's discharge.[7] It also means

---

**7.** Fed.R.Bankr.P. 4004, dealing with the time for filing a complaint objecting to discharge

and the extension of time therefor provides:

that no-asset cases with no claims bar dates may be subject to endless motions to re-open. However, § 523(a)(3) evinces a legislative determination that only two creditor's rights, to participate in a dividend and to obtain a determination of dischargeability, are of such paramount importance that only their loss mandates exception of a late-scheduled debt from discharge. 3 *Collier on Bankruptcy* ¶ 523.13[5] at 523–82 (15th ed. 1983). As *Milando* teaches, a court cannot substitute its own judgment for the will of Congress.

### IV.

For the reasons discussed above, debtors' application to reopen the case is granted.

(a) In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). . . .

(b) On motion of any party in interest, after hearing on notice, the court may for cause extend the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired.