**In re Edward James TINNENBERG, Debtor.**

**Bankruptcy No. 883–32147–20.**

United States Bankruptcy Court, E.D. New York, at Westbury.

Sept. 23, 1985.

Rood, Schwartz, Cohen & Ruderman, White Plains, N.Y., for Associates Commercial Corp.

Steinberg & Scupp, Forest Hills, N.Y., for Debtor.

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be heard on the motion of debtors for an order reopening their Chapter 7 bankruptcy to add a creditor. Upon consideration of the pleadings, oral argument, and the law, the court denies debtors' motion.

FACTS

On November 15, 1983, debtors filed a Chapter 7 petition but they did not schedule Associates Commercial Corporation (hereafter "Associates") as a creditor. On December 19, 1983, the trustee of debtors'

bankruptcy estate reported that no money was available for debtors' creditors because debtors had no non-exempt property.[1] Judge Radoyevich released debtors from their dischargeable debts on March 14, 1984. In January, 1985, Associates filed suit in state court against debtors for a deficiency judgment on a truck loan. In May, 1985, Associates won the case, plus attorneys fees, by default. On June 4, 1985, debtors filed this motion to reopen their bankruptcy to discharge the judgment alleging:

> that the creditor in question herein, ASSOCIATES COMMERCIAL CORPORATION, was not listed on my petition due to the following facts: I had purchased a tractor-trailer and same had been repossessed due to my non-payment. I had erroneously assumed that that settled the matter. Thereafter, I learned that there was a defiency judgment in the amount of $21,457.94 against me plus an additional $4,291.58 in attorney's fees for a total of $25,749.52 to which I am allegedly responsible. This amount has been accruing interest since September 24, 1982.

In opposition to debtors' motion to reopen, Associates says that it was not notified of the bankruptcy, that it did not share in the distribution of assets, and that debtors ignored the post-bankruptcy state court proceedings that produced the default judgment debtors seek to discharge.

DISCUSSION

11 U.S.C. § 350(b) reads as follows:

> A case *may* be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause. (Emphasis added).

In this case, debtors seek to reopen their case to add a creditor to discharge a debt. Debtors stated that through inadvertance they did not include Associates on their bankruptcy petition list of creditors. Debtors failed, however, to explain why they ignored the state court lawsuit Associates

---

1. · Debtors income totaled $23,000 per year and they were released from various consumer debt-

ors totalling $12,000.

commenced fourteen months later. The bankruptcy court has concurrent, not exclusive, jurisdiction to determine dischargeability of debts not timely listed. 3 Colliers § 523 13(19) (15th ed.). Therefore, when Associates brought suit in state court on a debt that debtors contend is dischargeable, the state court became a proper forum to determine dischargeability. Debtors did not make an appearance in state court to argue that the debt is dischargeable, nor did debtors move to reopen their bankruptcy until after judgment was taken. We do not condone debtor's disregard for the state court action because it would be unfair to impose upon Associates, the burden of the delay in the resolution of this matter, and the cost of the state court litigation. In short, debtor's failure to appear in the state court action makes it beyond the sound discretion of the court to reopen this case to discharge the state court judgment.

Further, based on debtor's allegations, we would deny discharge of the debt even if the case was reopened. As a matter or right, 11 U.S.C. § 523(a)(3)(A) allows the discharge of unscheduled debts only if the subject creditor had knowledge of the bankruptcy. *See Milando v. Perrone,* 157 F.2d 1002 (2nd Cir.1943).[2] Debtor has not averred, nor is it plausible, that Associates had knowledge of this bankruptcy. In equity, many cases recognize the court's power to mitigate the harsh consequences of § 523 and allow discharge of an unscheduled debt for debtors who failed through inadvertance to list a creditor. Most notably, *Stark v. St. Mary's Hospital, (Matter of Stark),* 717 F.2d 322 (7th Cir.1983) affirmed a bankruptcy court's ruling in equity to reopen a case to add a debt for discharge reasoning that:

1) the creditor was not harmed in any way;

2) the debtor did not defraud the creditor; and

3) the delay in scheduling was unintentional.

*See In re Crum,* 48 B.R. 486, 12 CBC 915; *In re Rosinski,* 759 F.2d 539, 12 CBC 923 (6th Cir.1985). *Matter of Zoblocki,* 36 B.R. 779 (Bkrtcy.Conn.1984); *In re Rayson,* 39 B.R. 597 (Bankr.C.D.Ca.1984). In this case, there appears to be no fraud, but, debtors intentionally delayed the resolution of this matter from January 1985 through June 1985 by failing to respond to creditor's post-bankruptcy state court proceeding. Therefore, the court would not be inclined to discharge the debt as a matter of right or in equity. *In re Gilbert,* 38 B.R. 948, 951 (Bankr.N.D.Oh.1984).

Accordingly, the motion is denied.

SO ORDERED.

---

**2.** *Milando* was decided pursuant to Section 17(a)(3) of the Bankruptcy Act of 1898 which disallowed the discharge of debts not timely scheduled, unless the creditor had actual knowledge of the proceeding.