**In re Patricia MADDOX, f/k/a Patricia Minutello, Debtor.**

**In re Robyn Lee MADDOX, f/k/a Robyn Lee Fishel, Debtor.**

**In re Joseph C. HAAS, Debtor.**

**Bankruptcy Nos. 085–50553–21, 085–50554–21 and 881–82145.**

United States Bankruptcy Court, E.D. New York.

June 24, 1986.

---

Zinker & Stern, Smithtown, N.Y., by Edward Zinker, for debtors Patricia Maddox and Robyn Lee Maddox.

Alfred Rosenberg, by Louis Rosenberg, Brooklyn, N.Y., for debtor Haas.

## OPINION

CECELIA H. GOETZ, Bankruptcy Judge:

Each of the above-named debtors is seeking to reopen the debtor's closed bankruptcy proceeding for the purpose of adding a creditor. If a creditor can be added after a case is closed, reopening is appropriate.

## PATRICIA and ROBYN MADDOX

Patricia Maddox filed a voluntary petition under Chapter 7 of Title 11 on August 26, 1985. Her petition showed no assets. As authorized by Bankruptcy Rule 2002(e), the notice sent her creditors included a statement to the effect that it was unnecessary to file claims because of the fact that there were no assets from which a dividend could be paid. On November 8, 1985, the trustee submitted a report confirming that there were no assets to distribute; on December 6, 1985, the debtor was discharged and on December 17, 1985, her case was closed.

The proceeding involving Robyn Lee Maddox was similar. She, too, filed on August 26, 1985, and her creditors were likewise notified that there appearing to be no assets, no claims need be filed. On December 6, 1985, subsequent to a trustee's report that there were no assets to be distributed, she was discharged and her case was closed on December 17, 1985.

On April 11, 1986, both debtors moved to reopen the proceedings for the purpose of amending their schedules so as to include Frank Minutello, the former spouse of Patricia Maddox, as a disputed creditor, in the amount of approximately $12,000.00. They asked the Court to waive the payment of a filing fee for reopening. The affirmation filed by each in support of her application sets forth that each was a shareholder in a corporation which executed a mortgage in favor of the prior owner of the business at that location. The mortgage was guaranteed by Frank Minutello, the then husband of Patricia Maddox. Neither of the debtors signed the mortgage, nor did either guarantee it. Each has now been advised by Frank Minutello that the mortgagee has sued him as guarantor and that he intends to seek reimbursement from the debtor.

Both debtors say that it would cause them great economic hardship to have to

defend an action by Frank Minutello and that at the time each filed her petition she had no reason to believe that she had any legal obligation to Frank Minutello and is still of that belief. However, in order to foreclose any claim by Frank Minutello, each debtor now seeks, as noted earlier, to reopen her proceeding to add Frank Minutello as a disputed creditor.

## JOSEPH HAAS

Joseph C. Haas filed a no-asset petition under Chapter 7 on June 24, 1981. He was discharged on December 21, 1981 and his case was closed on January 21, 1982.

The debtor is now moving to reopen so that he can amend his schedules to add as a creditor the Federal Deposit Insurance Corporation ("FDIC"), the successor in interest to the Franklin National Bank. The debtor requests that the Court give the FDIC, in the event it reopens, an opportunity to examine the debtor and object to the dischargeability of its debt.

The affirmation in support of the motion stated that he had paid a substantial sum to a partnership in exchange for the release of certain obligations incurred by the partnership when he was associated with it and an agreement by the partnership to pay those outstanding obligations and hold him harmless. · It now develops that these obligations were not fully discharged and there remained a balance due of $2,420.00, plus interest, totalling $4,103.57. He wishes, therefore, to reopen his proceeding so that this obligation can be scheduled and discharged. The FDIC has withdrawn its opposition to the debtor's application and consents to the relief requested.

## DISCUSSION

A recurrent issue in the bankruptcy court is the question as to what time, if any, the ability to add a new creditor to the debtor's schedules and thereby discharge any debts owed such creditor terminates. It is more usual than otherwise for the schedule of creditors initially filed to turn out to be incomplete and for creditors not originally listed to surface. Obviously, the later a creditor is added, the less opportunity he has to participate in the proceeding and to derive whatever benefits a creditor may claim. Does there come any point where the denial to him of the rights which a creditor would ordinarily enjoy precludes a discharge of the debt owed him?

■ The issue is the subject of Section 523(a)(3) of the Bankruptcy Code, which provides:

"(a) A discharge under section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;"

Section 523(a)(3) is not identical with the exception for unscheduled debts in the Bankruptcy Act of 1898. Section 17a(3), formerly 11 U.S.C. § 35. That section excluded debts which "have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy[.]" The legislative intention in changing the language was to overrule *Birkett v. Columbia Bank*, 195 U.S. 345, 350, 25 S.Ct. 38, 39–40, 49 L.Ed. 231 (1904), which had held that a creditor could not be added if he could no longer participate in the administration of the estate. *See*, 124 Cong. Rec. H11864–66 (daily ed. Oct. 6,

1978) ("Section 523(a)(3) of the House amendment is derived from the Senate Amendment.)

The *Birkett* case was relied on as precedent by the Court of Appeals for this Circuit in *Milando v. Perrone*, 157 F.2d 1002, 1004 (2d Cir.1946), in which the Court held that a proceeding could not be reopened to add a creditor. Support for that conclusion was found in Section 57n of the Bankruptcy Act (former 11 U.S.C. 93), which precluded allowance of any claim "not filed within six months after the first date set for the first meeting of creditors". The Court of Appeals held that after the six month period fixed by the Bankruptcy Act for filing claims had expired, new creditors could not be added and, therefore, no purpose would be served by reopening the bankruptcy proceeding to add creditors.

Unlike the Act, the Code fixes no time period for filing claims, leaving the matter to be dealt with by the Bankruptcy Rules. Under the Rules, if notice is given that no dividend will be available, claims need not be filed until notice is given of discovery of assets. Bankruptcy Rule 2002(e), 3002(c)(5). Such notice is called a no-distribution notice.

The courts in this circuit were slow to recognize that the authority of *Milando* had been eroded by the legislative disapproval of *Birkett* and the elimination of a statutory period for the filing of claims. *See, Matter of Swain*, 21 B.R. 594, 596 (Bankr. D.Conn.1982) (There is nothing in the review of the legislative history to indicate that the changes in language between § 17a(3) and § 523(a)(3) were meant to overrule the holding of *Milando* as to closed cases); *In re McNeil*, 13 B.R. 743, 746 (Bankr. S.D.N.Y.1981); *In re Alpert*, Bankruptcy No. 180–04119–21 (Goetz, B.J. April 13, 1981); *In re Hall*, Bankruptcy No. 181–10868–21 (Goetz, B.J. November 4, 1981).

The 7th Circuit's decision in *In re Stark*, 717 F.2d 322 (7th Cir.1983), holding a debtor to have a right to reopen to add a creditor (absent fraud or intentional design) where notice of no-distribution had been given, led to a re-examination of *Milando*. *Milando* is probably still good law where a time period has been fixed for filing claims. *In re Laczko*, 37 B.R. 676 (Bkrtcy.App. 1984), *aff'd*, 772 F.2d 912 (9th Cir.1985). But the changes in the statutory language have eroded its foundation in a no-asset case where notice of no-distribution is given. *See, In re Jensen*, 46 B.R. 578, 581 (Bankr. E.D.N.Y.1985) ("Pertinent law has changed since *Milando*, which was decided under the Bankruptcy Act of 1898"); *In re Zablocki*, 36 B.R. 779, 782 (Bankr.D.Conn. 1984) ("Section 523(a)(3), the legislative successor to § 17(a)(3) of the former Act, further changes prior law, ..."); *In re Johnson*, 46 B.R. 52, 58 (Bankr. E.D.Wash.1985) ("*Milando* and its reasoning has been considerably attenuated by subsequent statutes, procedural rules and case law."); *In re Taylor*, 54 B.R. 882, 885 (Bankr. E.D.Va. 1985) (In enacting Section 523(a)(3), Congress specifically intended to overrule *Birkett).*

In this Circuit, and elsewhere, the decisions are virtually uniform in recognizing the right to reopen in a no-asset case in which the time to file claims has never expired because notice of no distribution has been given. *In re Stark*, 717 F.2d at 324; *In re Rosinski*, 759 F.2d 539, 542 (6th Cir.1985); *In re Zablocki*, 36 B.R. at 782; *In re Johnson, supra; In re Ali*, 58 B.R. 439, 440 (Bankr. E.D.Pa.1986); *In re Scism*, 41 B.R. 384, 388 (Bankr. W.D.Okla. 1984); *Matter of Davidson*, 36 B.R. 539, 543 (Bankr. D.N.J.1983); *In re Taylor*, 54 B.R. at 885; *In re Ratliff*, 27 B.R. 465, 467 (Bankr. E.D.Va.1983); *In re Crum*, 48 B.R. 486, 491 (Bankr. N.D.Ill.1985); *In re Rayson*, 39 B.R. 597, 598 (Bankr. C.D.Cal.1984); *In re Hood*, 48 B.R. 386, 388 (Bankr.N.D. Ala.1985).

But recognizing that there is no absolute bar to the reopening of a case to add creditors, it does not follow that in all circumstances such addition should be allowed. There is room for the exercise of sound discretion by the bankruptcy judge. *In re Tinnenberg*, 57 B.R. 430, 432 (Bankr. E.D. N.Y.1985); *In re Adams*, 41 B.R. 933, 935

(Bankr. D.Me.1984); *In re North Duke Limited Partnership,* 57 B.R. 412, 414 (Bankr. D.D.C.1984); *cf. In re Gray,* 57 B.R. 927, 929 (Bankr. D.R.I.1986).

The courts are not in agreement on the factors to be considered. Some courts have adopted the test of "exceptional circumstances" first laid down in *Robinson v. Mann,* 339 F.2d 547, 550 (5th Cir.1964), a pre-Code case by a court which did not deem the expiration of the time period for filing claims to absolutely bar the addition of a creditor. Other courts have rejected the *Robinson* test in favor of some other formula, generally, as in *Stark,* the absence of fraud, or intentional design or prejudice to the added creditor.

■ In the three cases now before the Court, there appears to be no reason not to permit the relief each debtor seeks. In each case, the omission appears to have been innocent, due to the ignorance of the claimed debt.

Of course, each added creditor must be accorded a reasonable period of time within which to object to the dischargeability of the debt owed it under 523(a)(2), (4) and (6). The discharge having already issued, there is no longer any right to object to it.

The relief requested by each debtor is granted.

The filing fee is waived.

Settle Orders..