In re Terry Stephen **STARK** and Debra Jean Stark, Debtors.

Terry Stephen **STARK** and Debra Jean Stark, Plaintiffs-Appellants.

v.

**ST. MARY'S HOSPITAL,** Conducted by the Sisters of The Third Order of St. Francis, A Not-For-Profit Corporation, Defendant-Appellee.

No. 82–3053.

United States District Court, C.D. Illinois, Springfield Division.

Nov. 17, 1982.

---

John Barr, Whitley, Fuller, Suter, Hopp, Mancuso & Barr, Decatur, for plaintiffs-appellants.

1. Fed.R.Civ.P. 60(b) provides, in part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative

Patrick B. McCullough, Monroe, Wilson, Dyar, Houchen & McDonald, Decatur, for defendant-appellee.

## ORDER

J. WALDO ACKERMAN, Chief Judge.

Terry Stephen Stark and Debra Jean Stark (Appellants) received medical care from St. Mary's Hospital (Appellee) between June 22, 1980, and July 3, 1980. The charge for these services was nine hundred eight dollars and eighty-six cents. On August 28, 1980, Appellants filed a joint bankruptcy petition and the bankruptcy court granted them a discharge on November 28, 1980. In the bankruptcy court Appellants alleged that at the time they filed the bankruptcy petition they believed the entire indebtedness to Appellee would be paid by their insurance carrier. Thus, Appellants did not list their debt to Appellee on the original bankruptcy petition.

Appellee filed suit against Appellants on June 4, 1981, and subsequently a judgment was entered for Appellee. Appellants sought relief from the bankruptcy court under Rule 60.[1] The bankruptcy court denied Appellants' petition, and Appellants appealed to this Court.

The federal Bankruptcy Code notes that a discharge is not granted for any debt that was,

[N]either listed nor scheduled under Section 521(1), of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing.

11 U.S.C. § 523(a)(3). Appellants, relying on this section, argued that all the law

from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertance, surprise, or excusable neglect...."

requires is notice to permit a timely filing of a proof of claim.

In this case, Appellants did not possess assets subject to the claims of their creditors. Rather, all the creditors received was a notice stating that it was unnecessary to file a claim unless additional assets were discovered, in which case the creditors would be notified and given an opportunity to file a claim. Thus, the time for filing a claim has not passed in this case, and any creditor could file a claim if assets were discovered by the trustee. Even though Appellee was not listed on the schedule of creditors, it is no different than any other creditor and may file a claim if assets are discovered.

The failure to schedule Appellee as a creditor, like the creditor in *In re Cafferky,* was not the result of fraud or intentional design. [1977–78] Bankr.L.Rep. (CCH) ¶ 66, 518 (Bankr.E.D.Tenn. July 29, 1977). Instead, Appellants simply did not believe they had a personal obligation to pay this debt. At the least, the failure to list Appellee as a creditor was in the nature of an error. Section 523(a) should not be mechanically applied to deprive a debtor of a discharge in a no asset case where there is no showing of fraud or genuine harm to the creditors. *In re Callaham,* [1977–78] Bankr. L.Rep. (CCH) ¶ 66, 465 (E.D.Ore. May 5, 1977).

Here, in a no asset case where a creditor can be restored to the same status he would have occupied if he had been listed, the debtor should be allowed to amend the petition. *Id.* "Whether the debt was listed or scheduled in time to permit other participation in the case is of no consequence" if the debtor had time to file a timely proof of claim. 3 Collier on Bankruptcy ¶ 523.13 (15th ed. 1982). Otherwise, Appellee, who is in a position similar to other creditors, except for the lack of notice, would not be treated the same as other creditors. The Bankruptcy Code does not anticipate, or provide for, such treatment of creditors.

■ Finally, it must be noted that a bankruptcy court is essentially a court of equity. Its equitable powers should be exercised with respect to substance and not technical considerations that will prevent substantial justice. *Kenneally v. Standard Electronics Corp.,* 364 F.2d 642, 647 (8th Cir.1966). For substantial justice to be done in the circumstances shown by these facts, a debtor should receive all of the benefits the Bankruptcy Code offers them. The bankruptcy court's holding, causing Appellants to forfeit benefits the Bankruptcy Code offers, is contrary to the goal of substantial justice and equitable principles disfavoring forfeiture. *See, e.g., Kern River Co. v. United States,* 257 U.S. 147, 155, 42 S.Ct. 60, 63, 66 L.Ed. 175 (1921) (general rule is that courts of equity are reluctant to lend aid in enforcing forfeitures).

Accordingly, for the reasons previously stated, the judgment order of the bankruptcy court, denying Appellants' motion to reopen, is reversed.