In the Matter of Edith Ardell
ABERNATHY, Debtor.

Edith Ardell ABERNATHY, Plaintiff,

v.

UNITED MISSOURI
BANK—MASTERCHARGE,
Defendant.

Bankruptcy No. 81–02716–3.
Adv. No. 82–1377–3.

United States Bankruptcy Court,
W.D. Missouri, W.D.

March 21, 1983.

---

FINAL JUDGMENT DETERMINING IN-
DEBTEDNESS OF PLAINTIFF TO
DEFENDANT IS DISCHARGEABLE

DENNIS J. STEWART, Bankruptcy
Judge.

The plaintiff filed a chapter 7 bankruptcy
proceeding on September 1, 1981, listing
two debts to Mastercharge, both of which
were listed with First National Bank of
Kansas City. The defendant later gar-
nished the plaintiff and plaintiff amended
her petition listing the defendant as agent
for Mastercharge on a debt of $619.41.

The plaintiff filed the above styled adver-
sary proceeding on August 20, 1982, to
determine the dischargeability of the debt.
The defendant filed its answer on August
31, 1982.

A trial of the merits was held on Febru-
ary 24, 1983, and the issue of dischargeabil-
ity *vel non* of the plaintiff's indebtedness
was submitted to the court on the evidence
which shows the debt was scheduled but
notice was not given the defendant by mis-
take. Through mistake, the notice which
was intended to go to the defendant was
instead sent to another entity. There was
no evidence presented that notice had been
given in time for the filing of a claim by
the defendant. A general discharge in
bankruptcy has since been granted to the
plaintiff.

It has been held that "[t]he failure to properly schedule a creditor will ordinarily result in that debt being excepted from discharge." *In re Iannocone*, 21 B.R. 153, 156 (B.C.Mass.1982). "To be listed or scheduled, the name of the creditor must be included in the schedule." 3 Collier on Bankruptcy ¶ 523.13[3] (15th ed 1982). It is further provided: "Unless the creditor had timely notice of actual knowledge of the bankruptcy ... unscheduled debts, although they were subject to discharge had they been duly scheduled, are merely unaffected by the bankruptcy." *Id.* "The burden of proof establishing 'actual' knowledge is on the bankrupt." *Matter of Robertson*, 13 B.R. 726, 732 (Bkrtcy.E.D. Va.1981).

As to the knowledge of a creditor's attorney to the bankruptcy, applying the Bankruptcy Act, it was held:

"In accord with general principles of agency law, knowledge of a creditors' agent of the filing of a bankruptcy petition will be imputed to that creditor, but only where that creditor received this knowledge while acting within the scope of his agency and at a time when the agency relationship was in existence." *In re Porter*, 16 B.R. 229, 233 (Bkrtcy Mass.1981).

"If listed or filed in time to permit the creditor to file a proof of claim, then the debt will be discharged whether listed, scheduled or not." 2 Collier on Bankruptcy ¶ 523.13[5][a] (15th ed.1982). The provision of § 523(a)(3)(A) provides for the dischargeability of scheduled debts unless they are "neither listed nor scheduled under § 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit ... timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case *in time for such timely filing.*" (Emphasis added.) The statutes which govern the dischargeability of debts are to be given the "strict literal construction governing all ... exceptions to the Bankruptcy Act" and, consequently, the plaintiff bears the burden of proving each and every element of the ground for nondischargeability. *In re Taylor*, 514 F.2d 1370, 1373 (9th Cir.1975). The files and records in this case, however, show that the time for filing claims has not yet actually run out; that, at the inception of the case, the court transmitted its notice to creditors on September 11, 1981, advising them that this is a no-asset case and that claims need not be filed unless and until assets were discovered; that, therefore, the defendant has not and cannot show that the time has run out for filing claims when, if assets are discovered, the case can be reopened pursuant to § 350 of the Bankruptcy Code and a notice transmitted permitting the filing of claims against the later-discovered assets; and that, accordingly, it cannot be held that the defendant has not had notice in time to file a claim. The court cannot obviate the need for proof of each element when the cases hold that "the provision of the Act relating to discharge should be construed liberally in favor of the bankrupt and against the objecting creditor." *Matter of Langer*, 12 B.R. 957, 960 (D.C.D.N.D.1981). It is therefore

ORDERED, ADJUDGED and DECREED that the plaintiff's indebtedness to the defendant in the sum of $619.41 be, and it is hereby, declared to be dischargeable.