**In the Matter of Edith Ardell ABERNATHY, Bankrupt.**

**UNITED MISSOURI BANK, Appellant,**

**v.**

**Edith Ardell ABERNATHY, Appellee.**

**Bankruptcy No. 82–02443–1.**

**No. 83–0388–CV–W–1.**

United States District Court, W.D. Missouri, W.D.

Jan. 9, 1984.

---

## MEMORANDUM AND ORDER AFFIRMING MARCH 21, 1983 ORDER OF BANKRUPTCY COURT

JOHN W. OLIVER, Senior District Judge.

### I.

This is an appeal from an order entered March 21, 1983, 38 B.R. 768, by the Honorable Dennis J. Stewart, Judge of the United States Bankruptcy Court for the Western District of Missouri which declared and determined that the indebtedness of Edith Ardell Abernathy, bankrupt appellee, to United Missouri Bank, appellant, in the amount of $619.41 was dischargeable in bankruptcy.

The appellee agreed that appellant accurately stated the facts in its brief filed in this Court. Accordingly, we adopt appellant's statement of facts as follows:

Edith Ardell Abernathy formerly known as Edith Ardell Brooks maintained a Master Charge account with United Missouri Bank of Kansas City prior to the filing of her bankruptcy petition on September 1, 1981. The original schedules of debt filed with the appellee's bankruptcy petition listed two Master Charge accounts through the First National Bank of Kansas City.

Having no notice of the bankruptcy proceeding, appellant proceeded to judgment against appellee in the Circuit Court of Jackson County, Missouri (No. CV80–23620) on October 5, 1981 in the amount of $619.41 together with court costs.

On February 25, 1982 the appellee was discharged in bankruptcy and on April 13, 1982 the court entered its Order Approving Trustee's Report of No Distribution and Closing Estate.

In July of 1982 plaintiff executed on its earlier judgment by running a garnishment. On August 9, 1982 appellee filed an amended schedule of debt listing United Missouri Bank—Master Charge, and an Application to Reopen Estate. On August 9, 1982 the bankruptcy court ordered the estate reopened, and on August 20, 1982 a Restraining Order Releasing Garnishments was entered. The garnishment requested by appellant was immediately released and all funds withheld were returned to appellee.

On August 20, 1982 appellee also filed her Complaint To Determine Dischargeability of Debt and appellant's Answer was filed on August 31, 1982.

On February 24, 1983 a hearing was held before the Honorable Dennis J. Stewart. Appellant was represented by counsel, Bruce E. Strauss; appellee failed to appear but was represented by counsel, Gregory Gore. A Final Judgment Determining Indebtedness of Plaintiff to Defendant Is Dischargeable was entered on March 21, 1983. Appellant thereafter timely perfected its appeal.

### II.

Although appellant stated the issues presented on appeal in somewhat different language, it is clear from appellant's brief that appellant's primary argument is based on the theory that "appellee did not present

any evidence at trial" (appellant's brief p. 3). Appellant reiterated that "an examination of the slim transcript of the hearing clearly shows that no evidence was produced to the decision of the bankruptcy court".

Appellant's brief does not discuss the order entered by the Bankruptcy Court nor does that brief discuss the legal rationale upon which that order was based. Rather, appellant does no more than argue that the "appellee was not present [at the hearing] and no witnesses were called by the appellee at the hearing." (Id. at p. 3).

Examination of the transcript of the proceedings before the Bankruptcy Judge show that the Bankruptcy Judge took judicial notice of the debts scheduled and of all the files and records of the bankruptcy proceeding. It was proper for him to do so. Those files and the admissions contained in appellant's answer to appellee's complaint support all of the factual circumstances stated in appellant's brief which we have above adopted.

After careful consideration of the files and records in the bankruptcy proceeding and the briefs of the parties we are satisfied that the March 21, 1983 order should be affirmed for the reasons stated by the Bankruptcy Judge. We further conclude that the order should be affirmed for the reasons stated in *In re Stark*, 26 B.R. 178 (C.D.Ill.1982). Accordingly, it is

ORDERED that the March 21, 1983 order of the Bankruptcy Court should be and the same is hereby affirmed.