In the Matter of Raymond PYLES and Karen Pyles, Debtors.

**WESTON BURLEY HOUSE, INC., Plaintiff,**

v.

**Raymond PYLES and Karen Pyles, Defendants.**

**Bankruptcy No. 82–02620–SJ–W. Adv. No. 83–1192–SJ–W.**

United States Bankruptcy Court, W.D. Missouri, W.D.

Feb. 9, 1984.

---

Douglas B. Eskridge, Eskridge & Shafer, Kansas City, Mo., for plaintiff.

William M. Quitmeier, Kansas City, Mo., for defendants.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL DECREE AND JUDGMENT DENYING PLAINTIFF'S COMPLAINT FOR A DECREE OF NONDISCHARGEABILITY

DENNIS J. STEWART, Bankruptcy Judge.

The within complaint for a decree of nondischargeability was filed by the plaintiff on December 1, 1983, some time after the debtors' bankruptcy proceedings had been closed as a no-asset estate. Among the debts scheduled by the debtors in this proceeding was a secured indebtedness to the Farmers Home Administration, the collateral for which was the debtors' 1981 tobacco crop. The defendants did not schedule the plaintiff as among their creditors in the bankruptcy proceeding now before the court.

The plaintiff now moves to reopen the bankruptcy proceedings and to obtain a decree of nondischargeability of an indebtedness of the defendants to it based upon a loan issued to defendants by plaintiff prior to the date of bankruptcy but which had been ostensibly satisfied as of the date of bankruptcy through the debtors' turning over the proceeds to the 1981 tobacco crop to the plaintiff. But, according to the allegations of the plaintiff's complaint, the Farmers Home Administration later claimed a perfected security interest in the crop which had been unknown to the plaintiff and, as a result, a suit was brought against plaintiff by the Farmers Home Administration in the federal district court which culminated in a consent decree in favor of the Farmers Home Administration on September 16, 1983, in the sum of $8,000.00, when the plaintiff recognized its security interest in the tobacco crop to be unperfected. See *United States v. Weston Burley House*, Civil Action No. 83-6096-CV-SJ (W.D.Mo. Sep. 16, 1983). It is the position of the plaintiff Weston Burley House in this adversary action that the indebtedness should be excepted from discharge on several grounds: (1) that the loan in question was extended only after the debtor Raymond E. Pyles had represented to it that there were no outstanding loans against the tobacco crop; (2) that the indebtedness based thereon was not scheduled by the debtors in the within bankruptcy proceeding; and (3) that, by reason of the later suit of the Farmers Home Administration, the debt is a postpetition debt which did not arise until after the date of bankruptcy.

On these joined issues, the action came on before the bankruptcy court for hearing on January 26, 1984, whereupon the plaintiff appeared by Douglas B. Eskridge, Esquire, its counsel, and the defendants appeared personally and by William M. Quitmeier, their counsel. The evidence which

was then adduced demonstrated the following material facts.

The loan in question was negotiated by and between Jesse A. Pepper, the chief executive officer of the plaintiff corporation, and the debtor Raymond Pyles. There is no evidence that the other debtor, Karen Pyles, had anything to do with this transaction and, in fact, Mr. Pepper himself testified that she did not have anything to do with it. Mr. Pepper inquired as to whether there were other security interests against the tobacco crop and Mr. Pyles stated that there were no liens against the tobacco crop. According to his testimony, Mr. Pepper relied on this representation and would never have advanced any money to Mr. Pyles had he known there to be an existing lien in the crop. Subsequent to the misrepresentation, the plaintiff corporation extended loan money to the defendant Raymond Pyles in the year 1981 in the total of $7,600.00. When the tobacco crop was harvested, in accordance with the custom and standard of the tobacco business, Weston Burley House, Inc., sold a large portion of the 1981 tobacco crop for Raymond E. Pyles and, out of the proceeds thereof, the loans were repaid, together with interest in the sum of $505.37. Nothing was known about the other security interest until November 25, 1981, apparently after all the foregoing transactions and occurrences had been completed. Then, in 1983, the Farmers Home Administration brought the suit which has been described above and which had the result of divesting the plaintiff of the payment in full which it believed that it had received from the defendant Raymond Pyles. According to the testimony of Mr. Pepper, he does not think that Mr. Pyles was "trying to trick us" because he actually attempted to pay off the notes.

 This particular set of facts causes the court first to examine the matter under the provisions of section 523(a)(2) of the Bankruptcy Code, which excepts from discharge liabilities "for obtaining money ... by ... a false representation, or actual fraud." In order for a liability to be ex-cepted from discharge under this section, the plaintiff must, by means of clear and convincing evidence, "prove actual or positive fraud ... (of) the type involving moral turpitude or intentional wrong." Accordingly, "there can be no mere imputation of bad faith." *In re Taylor*, 514 F.2d 1370, 1373 (9th Cir.1975). According to *Sweet v. Ritter Finance Co.*, 263 F.Supp. 540, 543 (W.D.Va.1967), the objecting party's burden of proof consists of five elements:

"... (1) the debtor made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations, and (5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made."

According to Mr. Pepper's own testimony, however, the element of intention is lacking. He admits that he could discern no intention to "trick" the plaintiff in the misrepresentation of Mr. Pyles. And there is no other proof of intention. The law of nondischargeability does not otherwise penalize a negligent misrepresentation. Accordingly, on this ground, the complaint for a decree of nondischargeability must be denied.

 Nor can the claim of nondischargeability under section 523(a)(3) of the Bankruptcy Code for failure to schedule an indebtedness be a sufficient basis for rendering a decree in plaintiff's favor. That section excepts from discharge a liability "neither listed nor scheduled ... in time to permit ... timely filing of a proof of claim ... or ... timely request for a determination of dischargeability of such debt." But the court has granted a full and fair opportunity for a determination of dischargeability by means of this very adversary action. Further, the files and records in this case demonstrate that it was a no-asset case in which no distribution was made to creditors. Under such circumstances, this court has previously held that a dischargeability complaint based upon section 523(a)(3), *supra*, must fail. See *Abernathy v. United*

*Missouri Bank,* 38 B.R. 768 (Bkrtcy.W.D.Mo. Mar. 21, 1983), affirmed, 38 B.R. 769 (W.D.Mo.1984), to the following effect:

> "(In such a no-asset case) the time for filing claims has not yet actually run out; ... at the inception of the case, the court transmitted its notice to creditors ... advising them that this is a no-asset case and that claims need not be filed unless and until assets were discovered; ... therefore, the (plaintiff) has not and cannot show that the time has run out for filing claims when, if assets are discovered, the case can be reopened pursuant to section 350 of the Bankruptcy Code and a notice transmitted permitting the filing of claims against the later-discovered assets ..."

Therefore, this contention as a ground for a decree of nondischargeability must also be denied.

■ Finally, it is clear from the foregoing facts that the liability was created in 1981, prior to the date of bankruptcy, with the extension of credit. It is therefore the type of indebtedness which can and should be discharged in the within bankruptcy proceedings unless one of the grounds of nondischargeability as specified in section 523 of the Bankruptcy Code can be proven. For the foregoing reasons, it must be concluded that they have not been proven. No fraud is alleged or shown with respect to the manner in which the proceeds of the tobacco crop were utilized by plaintiff in payment of the indebtedness. No intention has been shown in this respect anymore than it was shown in respect of the initial misrepresentation concerning the existence or nonexistence of another lien on the crop.

It is therefore, for the foregoing reasons,

ORDERED, ADJUDGED AND DECREED that the plaintiff's within complaint for a decree of nondischargeability be, and it is hereby, denied and that the liability of defendants to plaintiff be, and it is hereby, discharged in bankruptcy.