**In re Nolan James RAYSON, Debtor.**

**SURETY COMPANY OF the PACIFIC, a California corporation, Plaintiff,**

v.

**Nolan J. RAYSON, et al., Defendants.**

**Bankruptcy No. LA 82–15753–CA.
Adv. No. LA 84–50195–CA.**

United States Bankruptcy Court,
C.D. California.

May 22, 1984.

Marcia R. Meoli, Los Angeles, Cal., Simon, McKinsey & Miller, Long Beach, Cal., for debtor Nolan James Rayson.

Jeffrey M. Hausman, Santa Monica, Cal., for plaintiff Surety Co. of the Pacific.

## MEMORANDUM OF DECISION

CALVIN K. ASHLAND, Bankruptcy Judge.

### FACTS

Nolan J. Rayson ("Rayson") is a licensed contractor. Rayson obtained a contractor's license bond, as required under California law, from Surety Company of the Pacific ("Surety"). Rayson signed an agreement to indemnify Surety for any claims made against the license bond.

Rayson was sued by a customer in California Superior Court for breach of a construction contract. Surety was named as a defendant in the suit, based on the bond, but was not immediately served with the summons and complaint.

Shortly after the state suit was initiated, Rayson filed this Chapter 7 case. He received a discharge in January, 1983. Sometime after Rayson obtained his discharge, Surety was served with the state suit. Surety answered the complaint and filed a cross-complaint against Rayson based upon the indemnity agreement. Rayson answered the cross-complaint alleging that any liability to Surety had been discharged.

Surety alleges that Rayson's liability to Surety was not discharged because Rayson failed to list Surety as a creditor in his bankruptcy schedules. Surety also alleges that it had no notice of Rayson's bankruptcy until some months after the discharge was obtained. Rayson moved this court to reopen his bankruptcy case and also filed an application to remove the civil action to this court. The estate was reopened to allow Rayson to amend his schedules to include Surety, and a trial was held to determine whether Rayson's liability to Surety was dischargeable.

### DISCUSSION

In his trial brief, Rayson relies on a line of cases which opt for a liberal interpretation of Section 523(a)(3). The leading case is *In re Stark*, 26 B.R. 178 (D.C.Ill.1982). Stark is a Seventh Circuit case which held that, in a no-asset case, the unlisted credi-

tor is not prejudiced by the debtor's failure to list him because he would not have received a distribution anyway. Also, the debtor's failure to list the creditor should not impair his discharge in the absence of fraud or intent to harm. Rayson argues that, since his was a no-asset case and since his failure to list Surety was inadvertent, Surety's claim should be dischargeable.

Surety relies on cases which opt for a strict interpretation of Section 523(a)(3). Both parties agreed, in their trial briefs, that few of the cases cited had been decided under the Bankruptcy Code, and that none of the cases had issued from the Ninth Circuit.

At the trial on this matter, this court directed the parties to the recently published decision in *In re Laczko*, 37 B.R. 676 (Bkrtcy.1984). In *Laczko*, the bankruptcy appellate panel of the Ninth Circuit adopted a strict interpretation of Section 523(a)(3). This court allowed the parties to submit supplemental briefs on the applicability of *Laczko* to the instant case.

In his supplemental brief, Rayson points to the discussion of *Stark* by the *Laczko* panel. The panel distinguished the liberal exception holding in *Stark* by noting that no time limit for filing claims had ever been set in *Stark*. Thus, the *Laczko* panel concluded that Section 523(a)(3) had never been triggered in *Stark*. Rayson argues that no time limit for filing claims had ever been set in his case either and, based on *Laczko*, Section 523(a)(3) was not triggered. Therefore, Rayson argues that his liability to Surety is dischargeable.

### CONCLUSION

I am persuaded that Rayson's liability to Surety is dischargeable because Section 523(a)(3) was not triggered. In order for a debt to be non-dischargeable, Section 523(a)(3) requires that the debtor fail to list the creditor "in time to permit ... timely filing of a proof of claim ..." Since no time limit to file claims was ever set in this case Surety has not been precluded from filing a timely proof of claim.