In re Frank Joseph SMOLARICK, Garnell Smolarick, Debtors.

BLUEFIELD COMMUNITY HOSPITAL, Plaintiff,

v.

Frank Joseph SMOLARICK, et ux., Defendants.

Bankruptcy No. 7–82–00659.
No. 7–85–0081.

United States Bankruptcy Court, W.D. Virginia, Abingdon Division.

Jan. 24, 1986.

Arey & Harman, Tazewell, Va., for debtor/defendants.

Campbell & Newlon, Tazewell, Va., for plaintiff.

James E. Nunley, Bristol, Va., Trustee.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue before the Court is whether the pre-petition debt to Bluefield Community Hospital which was not listed on the Debtors' schedules in this no-asset case should be held nondischargeable.

The Debtor, Frank Smolarick, is a police officer for the Town of Pocahontas, Virginia. His wife, Garnell Smolarick, was admitted to Bluefield Community Hospital on May 10, 1982 for approximately one week. The bill for this stay totaled $1,801.80. The Debtors filed their Chapter 7 petition with this Court on May 20, 1982. The Hospital was not listed as a creditor on the Debtors' schedules. The Trustee's report subsequently filed indicated that there was no property for distribution from the estate over and above that exempted. The notice mailed to all listed creditors set the § 341 Meeting of Creditors for June 25, 1982 and fixed the deadline for filing objections to discharge and Complaints to determine dischargeability of debts as July 26, 1982. In addition, the notice stated that since no assets were available from which creditors could be paid, it was not necessary for any creditor to file a claim at that time. *Rules* 2002(e) and 3002(c)(5), *Federal Rules of Bankruptcy Procedure.*

Mrs. Smolarick was admitted to the Hospital again on May 31, 1982 and discharged on June 2, 1982. The cost of this visit was $629.95. On August 23, 1982, this Court entered its Order granting the Debtors a discharge. The case was closed in the Clerk's Office on October 22, 1984.

During this time, a question arose concerning insurance coverage for the Town's employees. A letter, introduced into evidence, from the Mayor of Pocahontas to a representative of Fireman's Fund Insurance Company, the town's insurance carrier, attempted to clarify the effective date of coverage. It stated that an agent of Fireman's Fund had indicated that employee medical and hospitalization coverage began on May 1, 1982, in which case Mrs. Smolarick's hospital bills would be covered. However, later correspondence from Fireman's Fund had stated that coverage did not begin until July 1, 1982.

On November 1, 1983, Counsel for the Debtors wrote in response to the Hospital's inquiry seeking payment of Mrs. Smolarick's bill. Counsel advised the Hospital's Accounts Manager that he thought the debt had been discharged. In February, 1984, Counsel for the Hospital wrote to Debtors' Counsel advising that since the Hospital had not been listed as a creditor, the debt was not discharged and that the Hospital intended to collect the debt in state court proceedings.

On March 26, 1984, judgment was entered against the Debtors in the General District Court of Tazewell County for the cost of both hospital stays in the amount of $2,431.75 plus interest. Subsequently, a garnishment was served upon the Debtors and Mr. Smolarick's employer.

On March 18, 1985, the Debtors filed a motion to reopen their case to amend their schedule of creditors to include Bluefield Community Hospital. Thereafter, this Court mailed a notice of amendment to the Debtors' schedules adding the Hospital and granting thirty (30) days for filing a Complaint to determine the dischargeability of the debt. On April 19, 1985, the Hospital filed its Complaint seeking to have that

portion of the debt representing Mrs. Smolarick's pre-petition visit declared nondischargeable.

A hearing was held on July 2, 1985 at which time Counsel for the Debtors moved for a continuance due to the unavailability of Mrs. Smolarick, who had been hospitalized again. This Court denied the continuance, but granted leave for Counsel to take Mrs. Smolarick's deposition within thirty (30) days, which Counsel apparently elected not to file. The Hospital presented testimony of its Credit Supervisor, Debra Caldwell, who summarized the contents of the Hospital's collection file. The evidence presented gave no indication that the Hospital had any notice of the Bankruptcy proceedings prior to November 1, 1983 when contacted by the Debtors' Counsel concerning the bill.

■ 11 U.S.C. § 350(b) provides that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Courts have recognized that the authority to reopen a closed case is within the discretion of the Bankruptcy Court and depends on the facts and circumstances of the individual case. *Hawkins v. Landmark Finance Co.*, 727 F.2d 324, 326 (4th Cir.1984); *In re Grubbs*, 45 B.R. 674 (Bankr.W.D.VA 1985); *In re McNeil*, 8 B.C.D. 114 (Bankr.S.D.NY 1981); *In re Broomfield*, 3 B.C.D. 760 (Bankr.S.D.NY 1977); *In re Castleberry*, 3 B.C.D. 6 (Bankr.N.D.GA 1977). *See also In re Holloway*, 10 B.R. 744 (Bankr.D.RI 1981).

In exercising its discretion, this Court has allowed the Debtors to reopen their case and amend their schedule of creditors. The only question remaining is the dischargeability of this debt to Bluefield Community Hospital.

■ The burden of proving objections to discharge is on the Plaintiff. *Rule 4005, Federal Rules of Bankruptcy Procedure.* The objections to discharge in § 523 are to be strictly construed against the objecting creditor and liberally in favor of the debtor. 3 *Collier on Bankruptcy,* ¶ 523.05A at

523–15 (15th Ed.1985). *See also Gleason v. Thaw,* 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915); *Roberts v. Ford,* 169 F.2d 151 (4th Cir.1948); *Royal Indemnity Co. v. Cooper,* 26 F.2d 585 (4th Cir.1928).

The rationale for this strict construction is to give debtors "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt." *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971); *Lines v. Frederick,* 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970); *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); *Lewis v. Roberts,* 267 U.S. 467, 45 S.Ct. 357, 69 L.Ed. 739 (1925); *Williams v. United States Fidelity & Guaranty Co.,* 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713 (1915).

The Hospital contends that the debt should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(3), which provides:

"A discharge under Section 727, 1141, or 1328(b) of this Title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under Section 521(a) of this Title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; ..."

■ A central factor in determining the dischargeability of the debt in this instance is that it is a no-asset case. In considering this issue, attention is called to *Matter of Stark,* 717 F.2d 322 (7th Cir.1983), which presented facts almost identical to those of this case. In *Stark,* the debtors sought to reopen their case to list an additional creditor, a hospital, whose services they had utilized prior to filing their Bankruptcy petition. The debtors had not previously listed the hospital since they thought, similarly here, that the bill would be paid by their insurance company. The hospital subsequently obtained judgment against the

debtors for the amount of the bill. The Bankruptcy Court denied the motion to re-open, but was reversed by the District Court.

Although not deciding the issue of dischargeability, the Seventh Circuit affirmed the District Court, finding that where notice had been given pursuant to *Rule* 203(b), now 2002(e), a debtor may reopen the estate to add an omitted creditor where there is no evidence of fraud or intentional design. *Stark, supra,* at 324. The newly added creditor had not been denied the right of "timely filing of a proof of claim" under the language of § 523(a)(3)(A) because it was a no-asset case. The notice sent to creditors stated that it was unnecessary to file a claim at that time; if assets were found later and payment of a dividend appeared possible, the creditors (including the added creditor) would be notified and given a reasonable time within which to file their claims. Thus, with respect to § 523(a)(3)(A), the time for filing proofs of claim had not yet expired. *Id.*

As in *Stark,* the notice to creditors in this case pursuant to *Rule* 2002(e) stated that it was not necessary for creditors to file a proof of claim at that time because no assets were available. Consequently, the Hospital, as an unlisted creditor, had not been denied the right under § 523(a)(3)(A) to timely file its proof of claim such that the debt should be excepted from discharge.

Other courts presented with no-asset fact situations have similarly concluded that where notice was given to listed creditors advising that it was unnecessary to file proofs of claim because no assets were available for distribution, the time for filing proofs of claim within the meaning of § 523(a)(3)(A) has not expired. *In re Ratliff,* 27 B.R. 465, 467 (Bankr.E.D.VA 1983); *Matter of Abernathy,* 38 B.R. 768, 769 (Bankr.W.D.MO 1983). *See also In re Crum,* 48 B.R. 486, 490 (Bankr.N.D.IL 1985). The unlisted creditor is not prejudiced by the debtor's failure to list him because he would not have received a distribution anyway. *In re Rayson,* 39 B.R. 597, 598 (Bankr.C.D.CA 1984). The debtor's failure to list the creditor should not impair his discharge in the absence of fraud or an intent to harm. *Id.* at 598. No such showing exists in this case.

Accordingly, in accordance with the foregoing and given that no assets are available for distribution, it is

**ADJUDGED and ORDERED**

that Bluefield Community Hospital, although unlisted as a creditor, has not been denied the right of "timely filing a proof of claim" within the meaning of § 523(a)(3)(A), and the debt is DISCHARGED.

Service of a copy of this Memorandum Opinion and Order shall be made by mail to the Debtor/Defendants; to AREY & HARMAN, Counsel for Debtors; CAMPBELL & NEWLON, Counsel for Plaintiff; and to James E. Nunley, Esquire, Trustee.