**In re Randall R. HENSON and Deborah Henson, Debtors.**

**Bankruptcy No. 84 B 20619.**

United States Bankruptcy Court,
N.D. Illinois, W.D.

Feb. 13, 1987.

William Balsley, Loves Park, Ill., for debtors.

## MEMORANDUM OPINION AND ORDER

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Motion of the Chapter 7 Debtors, Randall R. Henson and Deborah Henson, to Reopen their case so that they may file Amended Schedules, listing a previously omitted creditor.

The Motion alleges that the "Debtors filed their Chapter 7 petition ... on January 11, 1985". The fact is, however, that the Debtors filed a Chapter 13 petition on June 12, 1984, which was converted to a Chapter 7 on January 11, 1985. The case was closed on January 31, 1986.

The prayer requests that "this cause be reopened in order that [the Debtors] can file an amended schedule of unsecured creditors and [the Debtors] REQUEST THAT THEIR INDEBTEDNESS LISTED ABOVE BE DISCHARGED". [Emphasis added]

The Debtors seek not just to have the case reopened, but also for the added substantive adjudication that the debt owed to the previously unlisted creditor be discharged. Apparently the Debtors have in mind the relief they might be entitled to under a Section 523(a)(3) Complaint to Determine the Dischargeability of a Debt.

The unlisted creditor, Beneficial Missouri, Inc. (Beneficial), did not receive notice of the Debtors' Motion to Reopen, and has had no opportunity to appear and respond to the relief requested. One of these days, hard as it may be to do so, the Debtors are going to have to break the news of their bankruptcy to this creditor.

\*　　\*　　\*　　\*　　\*　　\*

Bankruptcy courts have long been troubled by the problem of the "Unlisted Creditor". (Creditors are not always unlisted; sometimes they are listed, but with an erroneous address and receive no notice.) One does not need to be totally cynical to recognize that there may be reasons a Chapter 7 debtor would prefer not to list a particular creditor. Perhaps, for instance, a creditor has knowledge of conduct which could lead to litigation and denial of discharge under Section 727. Better not tell him about the Chapter 7 until after the Discharge Order has been entered, even though the intentional omission may constitute a false oath and a bankruptcy crime.

The 7th Circuit Court of Appeals, in *In re Stark*, 717 F.2d 322, (7th Cir.1983) concluded that "the Bankruptcy Code makes clear that the right of the creditor that is protected by Section 523(a)(3) is the right to timely file a proof of claim". 717 F.2d at 324. The 7th Circuit's reasoning suggests that only the singular right of the creditor to file a proof of claim is protected under Section 523(a)(3).[1] The rights of the creditor to participate in several other aspects of the administration of the case are not relevant. This Court followed Stark in *In re Crum*, 48 B.R. 486 (Bankr.N.D.Ill.1985), but suggested that subsequent cases may expand on the 7th Circuit concept that Section 523(a)(3)(A) protects only the creditor's right to timely file a proof of claim.

In *In re Beshensky*, 68 B.R. 452 (Bankr. E.D.Wis.1987), Judge Ihlenfeldt, of the Eastern District of Wisconsin, protected an unlisted creditor from loss of expenses incurred in pursuing its claim against the debtor in state court prior to "notice or actual knowledge" of the bankruptcy.

\*　　\*　　\*　　\*　　\*　　\*

In the case at bar, the Debtors originally filed a Chapter 13 Petition. Beneficial was not listed. Assuming Beneficial had no actual knowledge, it had no opportunity to participate in the administration of the estate, or to file a proof of claim during the

---

**1.** Although the 7th Circuit did not say so, it probably had in mind and was referring only to Subsection (A) of Section 523(a)(3), and we shall so assume.

administration of the Chapter 13. This case, therefore, is potentially not quite as simple as a no-asset Chapter 7.

The Chapter 13 was converted before any payments were made to unsecured creditors. A total of $160 was paid by the Debtors to the Chapter 13 Trustee. Payments made by the Chapter 13 Trustee were as follows:

| | |
|---|---|
| Filing Fee | $60.00 |
| Chapter 13 Trustee | 16.00 |
| Attorney for Debtors | 32.00 |
| Dividends to Secured Creditors | 52.00 |
| Total | $160.00 |

No dividends were paid to unsecured creditors. It might be said, then, that Beneficial would have received no dividends, and was not prejudiced by the omission. Therefore, the circumstances here are roughly analogous to a no-asset Chapter 7.

Nevertheless, it would appear that in those cases in which the debtors originally file a Chapter 13, omit an unsecured creditor, dividends are paid to unsecured creditors, and then the case is converted to Chapter 7, the debt of the unlisted creditor should not be dischargeable in the Chapter 7 under Section 523(a)(3)(A); and that result would be consistent with *Stark*.

\* \* \* \* \* \*

Section 523(a)(3)(B) provides that the debt of an unlisted creditor is not dischargeable if the creditor had neither notice nor actual knowledge of the case in time to file a complaint under Sections 523(a)(2), (4), or (6). Some courts would allow the case to be reopened and establish a new 60–day period for the added creditor to bring a complaint under Sections 523(a)(2), (4), or (6). *In re Beshensky.* This Court is not aware of any authority to reopen the time for filing a complaint under Sections 523(a)(2), (4), or (6). Although a judicial exception in the case of an unlisted creditor does not seem totally inappropriate, most courts have held the sixty day filing period following the original Section 341 Meeting absolute, unless a timely requested extension is granted. *In re Bowman*, 800 F.2d 520 (5th Cir.1986).

In the absence of a judicial exception, it would appear that the aggrieved creditor could bring a complaint under Section 523(a)(3)(B), either in a Federal or a state court, alleging that a Section 523(a)(2), (4), or (6) debt existed. To prevail, the creditor would have to prove the existence of such a debt as well as the other elements of 523(a)(3)(B).

\* \* \* \* \* \*

■ A troublesome aspect of the *Stark* case is the unspoken assumption by the Court that the mere reopening and adding a creditor discharges the debt without further ado. At least that is the impression that is left by the *Stark* court. See *In re Ali*, 58 B.R. 439 (Bankr.E.D.Pa.1986); *In re Smolarick*, 56 B.R. 720 (Bankr.W.D.Va. 1986).

The Debtors here, consistent with the impression left in *Stark*, ask not only for the procedural relief of reopening and adding, but also that the Court's Order include the extraordinary substantive adjudication that the debt is discharged. That relief clearly is not available to the Debtors in their Motion to Reopen.

\* \* \* \* \* \*

A Bankruptcy Court should reopen a case only if there is a demonstrated need to do so. It is this issue that the Court primarily seeks to address.

Whether a debt is nondischargeable under Section 523(a)(3) depends on the presence of a number of factors, including "notice or actual knowledge of the case". If the case is reopened, the creditor added, and notices sent by the clerk's office, the creditor would have "notice" of the bankruptcy. If the debtor's attorney sends a letter to the unlisted creditor, the creditor would have "actual knowledge" of the bankruptcy. "Actual knowledge" is just as effective, in every way, as "notice". See *In re Furrer*, 67 B.R. 654 (Bankr.E.D.Wis. 1986).

Why, then, accommodate the Debtors by reopening the case? What is there to be gained? True, debtors may feel more comfortable with a notice sent by the clerk's

office than with a letter sent by their attorney. There is a certain "official appearance" to a clerk's notice that seems to add something of legal significance. But the result is the same. Moreover, there is a $90 fee to reopen a case; a postage stamp costs 22 cents. So, there is a temptation to conclude nothing is to be gained and to deny the Motion to Reopen. Nevertheless, *Stark* provides one reason for permitting the case to be reopened.

Section 523(a)(3)(A) provides that a debt is not discharged if an unlisted creditor had neither knowledge or notice of the bankruptcy in time to timely file a proof of claim. Generally, by the time the case is closed, the time for filing a proof of claim has run. The facts which would determine whether the unlisted creditor had notice or actual knowledge are in place. Adding the creditor to the schedules and giving him notice after the fact has no effect on Section 523(a)(3)(A). However, the *Stark* court found that, in a no-asset case, the claims period does not run until and unless the trustee finds some assets to administer. In that event, listed creditors are notified of the fact and given time to file a proof of claim. There is a purpose, then, however limited and unlikely, for reopening the case and listing a previously unlisted creditor.

On the other hand, to declare the debt of the previously unlisted creditor discharged, in conjunction with a Motion to Reopen, is premature. Although the creditor's right to file a proof of claim is protected, his right to participate in the administration of the estate is gone. For instance, the unlisted creditor may have had knowledge of concealed assets or preferential payments; the unlisted creditor could have moved to convert the case to a Chapter 11 pursuant to Section 706(b); the unlisted creditor is foreclosed from objecting to the debtor's discharge and, as in this case, if a year has passed since the case was closed, the creditor is foreclosed from seeking to revoke the debtor's discharge.

Under Section 523(a)(3)(B), reopening of a case and adding a creditor who holds a Section 523(a)(2), (4), or (6) debt has no effect. The facts which determine whether such a creditor had notice or knowledge of the bankruptcy in time to file a Complaint under Section 523(a)(2), (4), or (6) are in place by the first closing of the case.

█ Therefore, since this case is a no-asset, Chapter 7 case, the Debtors' Motion to Reopen should be granted so that Beneficial's name and address may be added to the Debtors' schedules. In this way, if the trustee does find assets to distribute, Beneficial may participate. However, nothing in this opinion should be construed as a ruling on the dischargeability of the debt owed to Beneficial. Beneficial had no notice of this hearing and there are too many unresolved issues. In the event Beneficial attempts to collect the debt owed by the Debtors through action in state court, the issues not litigated here may be litigated in that action.

Beneficial should be sent a copy of this Memorandum Opinion and Order. If Beneficial is aggrieved by the entry of the Order, it may timely move for reconsideration. In the meantime, no further hearing is scheduled.

The Court concludes that the Motion to Reopen should be allowed, but conditioned upon the payment by the Debtors of a $90 filing fee for reopening within 14 days; in the event the said filing fee is not paid timely, the Motion should be denied.

IT IS SO ORDERED.