**In the Matter of Philip Frank BILDER and Amy Park Bilder, Debtors.**

**Bankruptcy No. 88–02852.**

United States Bankruptcy Court, E.D. Wisconsin.

Dec. 28, 1989.

John R. Byrnes, U.S. Trustee.

Janet P. Koerber, Milwaukee, Wis., for debtors.

## DECISION REOPENING CASE

RUSSELL A. EISENBERG, Bankruptcy Judge.

The issue: In a closed Chapter 7 no-asset case in which creditors received instructions to file claims, is it necessary for the former debtors to reopen the case and to amend the schedules in order to discharge non-scheduled debts? The court concludes that it is necessary to reopen the case, and relief is granted accordingly.

On June 28, 1988, Philip Frank Bilder and Amy Park Bilder ("Bilders") filed a joint chapter 7 petition. Creditors were advised by the Clerk of Bankruptcy Court to file claims no later than October 25, 1988. Firm dates were set for creditors to object to exemptions and to file 11 U.S.C. §§ 523(c)/727 complaints. On August 1, 1988, the trustee filed a no-asset report. On September 27, 1988, the Bilders received a discharge. On December 30, 1988, the case was closed.

On November 20, 1989, the Bilders filed a motion to reopen the case to add several creditors not listed on the schedules ("New Creditors"). Prior to the motion to reopen, none of the New Creditors had notice or actual knowledge of the bankruptcy case. At the time the Bilders presented their motion to reopen, they raised the question whether it was necessary to reopen the case to enable them to discharge the debts to those creditors. The motion to reopen was heard on December 13, 1989, following notice to all of the New Creditors and to their known attorneys. Nobody objected to the motion. The reopening fee has been paid.

There is a readily available vehicle to enable debtors to reopen a case. 11 U.S.C. § 350(b) provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Bankruptcy Rule 5010 states in part, "A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the [Bankruptcy] Code."

Bankruptcy Rule 1007(a)(1) *requires* debtors to "file with the petition a list containing the name and address of each creditor," and Bankruptcy Rule 1009(a) permits debtors to amend their schedules. There is nothing in the Bankruptcy Code or Rules which authorizes discharged debtors to ignore erroneous schedules. To permit debtors to knowingly allow erroneous schedules to stand unamended would invite bankruptcy abuses, as any such rule of law could induce a debtor to fail to name all creditors when first filing the schedules.

Notice and an opportunity to be heard are fundamental elements of due process. A creditor is entitled to appropriate notice of an order for relief in a bankruptcy case. 11 U.S.C. § 342. "A fundamental right guaranteed by the Constitution is the opportunity to be heard when a property interest is at stake." *Reliable Electric Co.,*

*Inc. v. Olson Construction Co.*, 726 F.2d 620, 623 (10th Cir.1984). "The Supreme Court has made it clear that Fifth Amendment due process considerations take precedence over the discharge provisions of the Bankruptcy Code where the debtor has knowledge of claims and fails to inform claimants of the pendency of the proceedings." *In re Eliscu*, 85 B.R. 480, 482 (Bankr.N.D.Ill.1988), citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Debtors must make reasonably diligent efforts to give notice of the commencement of a case to their creditors to enable creditors to protect their rights and property interests. *Cf. Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988); *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); and *In re Blumer*, 66 B.R. 109, 113–14 (9th Cir. BAP 1986).

The right of creditors to share in property of the estate is a protected property right granted to those creditors who comply with bankruptcy law by timely filing proofs of claim. The New Creditors can't file proofs of claim if they don't receive notice of this case. Due process requires that persons be given notice and an "opportunity to be heard before being deprived of a protected property interest." *In re Longardner & Associates*, 855 F.2d 455, 465 (7th Cir.1988), citing *Mullane, infra*, 339 U.S. at 313–14, 70 S.Ct. at 656–57. By seeking to discharge debts to the New Creditors, the Bilders are attempting to adversely affect the property rights of the New Creditors. Creditors must be given an opportunity to pursue their rights, which opportunity should be made available by reopening this case.

Creditors are more than claim-filers. Creditors may be aware of property which might be recoverable by the estate, resulting in a dividend in which they could share. They may be aware of an error by a debtor, inadvertent or otherwise, in valuing an exemption, which error was unknown to anyone else and which might result in a dividend. There may be honest disagreements in valuations and facts which may benefit creditors as a group. It is not uncommon for creditors to have more information about a debtor than the trustee. Trustees generally get a great deal of information about a debtor's assets and affairs from creditors, particularly where a debtor has filed false or incomplete schedules.

It follows that this case should be reopened, and the New Creditors given an opportunity to participate in the case, to object to the Bilders' claimed exemptions and to file §§ 523(c) complaints if they desire to do so.[1] In granting this opportunity, the court is not extending the time period for the New Creditors to act because, as a practical matter, no effective time periods in which they could act have ever been set. To deny them that opportunity would impair or deny their due process rights and would enable debtors to attempt to manipulate bankruptcy laws to their improper advantage. (But *see In re Henson*, 70 B.R. 363 (Bankr.N.D.Ill.1987)).

*In re Stark*, 717 F.2d 322, 324 (7th Cir. 1983) held, "In a no-asset bankruptcy where notice has been given pursuant to Rule 203(b) [now Rule 2002(e) ], a debtor may reopen the estate to add an omitted creditor where there is no evidence of fraud or intentional design." The Seventh Circuit never held that it was unnecessary to reopen a case to add a creditor. *Stark* was cited and followed in *In re Beshensky*, 68 B.R. 452, 453–54 (Bankr.E.D.Wis.1987) and in the numerous cases cited in *Beshensky*, such as *In re Rosinski*, 759 F.2d 539 (6th Cir.1985). Reopening a case under the

---

1. Creditors generally are permitted to file complaints pursuant to 11 U.S.C. § 727(a) to object to the granting of a discharge. In this case the discharges were granted more than one year prior to the motion to reopen this case. Section 727(e) sets a firm one year limitation on requests to revoke a discharge, and the one year has expired. Other policy considerations have come into play, such as the rights of innocent third parties who have extended credit relying upon the discharge. The court in this case is not permitting the New Creditors to file 11 U.S.C. § 727 complaints.

circumstances existing in this case is well-supported in the law.

The Code and the Rules carefully require debtors to file complete schedules of creditors, and failure to do so can result in a denial of the discharge. This is to ensure that there is full disclosure to enable parties in interest to ascertain their rights. Allowing debts to be discharged without a formal reopening proceeding would circumvent that important requirement. By requiring a case to be reopened, there will be a formal proceeding with notice to parties in interest, particularly the trustee, so that they will have an opportunity to investigate the debtors' affairs in light of the amendment. *But cf. In re Mendiola,* 99 B.R. 864 (Bankr.N.D.Ill.1989). In *Mendiola,* a debtor sought to add a creditor to the schedules. The court indicated that no purpose would be served by reopening the case and declined to do so.

In conclusion, an order will be entered granting the motion of the Bilders to reopen this case to add the New Creditors. Notice of the amendment of the schedules shall be given to the United States trustee pursuant to Bankruptcy Rule 1009(a). Any person who desires a § 341 hearing shall notify the United States trustee within twenty days from the date of the order, whereupon a § 341 hearing ("Hearing") date shall be scheduled. Notice of the Hearing shall be given by counsel for the Bilders. Notice of the Hearing need not be given to any of the creditors already listed on the schedules prior to the reopening of the case.[2] The New Creditors may object to the debtors' claimed exemptions within 30 days from this date. Within 60 days from this date, the New Creditors may file proofs of claim and may file complaints pursuant to § 523(c). The debtors may bring a motion pursuant to § 522(f) within 30 days from this date, but only as to the New Creditors. If no objection to exemptions or no adversary proceeding is filed within the time provided in the order, and if no action is taken by the United States trustee or the New Creditors to bring prop-

erty into the estate, the Clerk of this court may thereafter close the case without further notice to any person. Counsel for the debtors shall immediately send a copy of this decision and the accompanying order to all of the New Creditors and to their known attorneys.

An order will be entered in accordance with this Decision.

---

**2.** The court believes that the giving of such notice would be counterproductive because of the confusion it would almost certainly create for those creditors.