In re Brent E. GUSECK, Debtor.

No. 01–30272–SVK.

United States Bankruptcy Court, E.D. Wisconsin.

May 28, 2004.

Macey, Chern & Diab, Milwaukee, WI, Lawrence G. Vesely, Green Bay, WI, for Debtor.

## MEMORANDUM DECISION

SUSAN V. KELLEY, Bankruptcy Judge.

The issue here is the reopening of a closed bankruptcy case to add creditors who were omitted from the original schedules. On September 7, 2001, Brent E. Guseck filed a chapter 7 bankruptcy petition instituting this case. Based on his bankruptcy schedules, the clerk of the bankruptcy court determined that this was a "no-asset" case, and issued a notice that creditors should not file claims until further notice. After examining the debtor at the § 341 meeting of creditors, the bankruptcy trustee agreed with the clerk's as-

sessment, and filed a trustee's report indicating that no assets would be available to pay creditors. Accordingly, no claims bar date was ever set in the debtor's case. He received his discharge in bankruptcy on January 3, 2002, and his case was closed shortly thereafter.

On April 5, 2004, the debtor filed a motion to reopen the bankruptcy case, to add two creditors to his bankruptcy schedules. While his motion didn't say, presumably the reason for the proposed amendment was to obtain a discharge of the debts owed to the unlisted creditors. One of the creditors, John R. Wendt, objected to the motion to reopen. Wendt argued that the debtor did not show "excusable neglect" under Fed. R. Civ. Pro. 60(b) to justify the reopening, and that the debt arose from the debtor's fraud in a fiduciary capacity and was thus not dischargeable under Bankruptcy Code § 523(a)(4).

The trouble with reopening bankruptcy cases to add omitted creditors to the discharge is that the process is based on a faulty assumption. Given that the debtor is required to file accurate schedules listing all known debts, it would be logical to assume that a debt not listed in the schedules would not be discharged.[1] Debtors such as Mr. Guseck make this assumption all the time, seeking to reopen their bankruptcy cases to add inadvertently omitted creditors in order to receive the discharge. The omitted creditors often resist, raising equitable defenses and questioning the debtors' motivation, further fueling the misunderstanding. And some bankruptcy courts and two courts of appeals have allowed debtors to reopen cases in order to add omitted creditors to the schedules, assuming or implying that the reopening was necessary in order for the omitted debts to be discharged. *See In re*

---

**1.** The Debtor can lose the discharge for filing intentionally false schedules. *In re Mendiola,* 99 B.R. 864, 870 (Bankr.N.D.Ill.1989).

*Rosinski,* 759 F.2d 539 (6th Cir.1985); *In re Stark,* 717 F.2d 322 (7th Cir.1983); *La-Bate & Conti, Inc. v. Davidson (In re Davidson),* 36 B.R. 539 (Bankr.D.N.J. 1983).

However, the plain language of §§ 727(b) and 523(a)(3) of the Bankruptcy Code provides that reopening the case and amending the schedules to add unlisted creditors does *not* affect whether those debts are discharged. Either the debts were discharged by the original discharge or they are not discharged under § 523(a)(3); amending the schedules is irrelevant to the issue. *See, In re Beezley,* 994 F.2d 1433 (9th Cir.1993); *Karras v. Hansen (In re Karras),* 165 B.R. 636 (N.D.Ill.1994); *In re Mendiola,* 99 B.R. 864 (Bankr.N.D.Ill.1989); *In re Anderson,* 72 B.R. 495 (Bankr.D.Minn.1987); Lauren A. Helbling and The Hon. Christopher M. Klein, *The Emerging Harmless Innocent Omission Defense to Nondischargeability Under Bankruptcy Code § 523(a)(3)(A): Making Sense of the Confusion Over Reopening Cases and Amending Schedules to Add Omitted Debts,* 69 Am. Bankr.L.J. 33 (Winter 1995).

Section 727(b) of the Bankruptcy Code provides in relevant part:

> Except as provided in § 523 of this title, a discharge under subsection (a) of this section discharges the debtor from *all debts that arose before the date of the order for relief under this chapter* ... whether or not a proof of claim based on any such debt or liability is filed under § 501 of this title, and whether or not a claim based on any such debt or liability is allowed under § 502 of this title.

11 U.S.C. § 727(b) (2004) (emphasis supplied). According to *Mendiola,* "The operative word is 'all'. There is nothing in § 727 about whether the debt is or is not scheduled." 99 B.R. at 865. Accordingly, unless § 523 provides otherwise, the discharge covers every pre-petition debt, whether or not the debt is scheduled by the debtor, a proof of claim is filed, or the claim is allowed by the bankruptcy court. Stated another way, the Chapter 7 discharge is "good against the world," including unscheduled creditors. Helbling and Klein, *supra,* 69 Am. Bankr.L.J. at 39 ("The discharge is said to be good against the world in the sense that it applies to all unscheduled debts except those that are expressly made nondischargeable by § 523.").

The ultimate issue thus turns on whether the unscheduled debt is nondischargeable under § 523. Section 523(a)(3) deals with unscheduled debts, and states that a discharge under § 727 does not discharge an individual debtor from any debt:

> (3) neither listed nor scheduled under § 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
> (A) if such debt is not of a kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
> (B) if such debt is of a kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such subparagraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

11 U.S.C. § 523(a)(3). Subparagraph (A) covers debts that were not listed in time for the creditor to file a proof of claim by the claims bar date (unless the creditor had actual notice of the claims bar date in time to file a claim). Subparagraph (B) applies to debts that are not dischargeable under § 523(a)(2), (4) or (6) (e.g., fraud and malicious injury debts), unless the creditor

had actual knowledge of the bar date for filing a complaint to determine dischargeability by the applicable deadline. If an unlisted debt does not fit within one of the categories of § 523(a)(3), it is discharged.[2]

If an unscheduled debt is a "garden variety debt," i.e., it does not arise from potentially nondischargeable misconduct, such as fraud or malicious injury, the simple issue is whether a claims bar date was set in the bankruptcy case. If a claims bar date was set, and the unscheduled creditor did not have notice or actual knowledge of the case in time to file a timely proof of claim, the unlisted debt is not discharged under § 523(a)(3). However, if no claims bar date was set, a garden variety debt is discharged. According to Helbling and Klein:

> These rules have operated to make § 523(a)(3)(A) inapplicable in no-asset, no-bar-date cases. The absence of a deadline for the timely filing of a proof of claim makes it impossible to file a proof of claim that is not timely. Since a claim filed after the case is reopened would still be timely, no omitted debt can qualify for nondischargeability under § 523(a)(3)(A).

69 Am. Bankr.L.J. at 43. Accordingly, under the plain language of § 523(a)(3)(A), in a no-asset, no-bar-date bankruptcy case, there is no reason for a debtor to move to reopen the case to amend the schedules to add omitted garden variety debts. These debts already were included in the discharge of § 727, and amending the schedules has absolutely no effect on the dischargeability of the debts.

This case is distinguishable from *In re Bilder*, in which Judge Eisenberg granted a motion to reopen to add garden variety omitted creditors to the schedules, and set bar dates for filing nondischargeability complaints and objecting to exemptions. 108 B.R. 666 (Bankr.E.D.Wis.1989). *Bilder* was *not* a no-bar-date case. A claims bar date had been set by the clerk of the bankruptcy court, although the case was later determined to be a no-asset case by the trustee. *Id.* Since a claims bar date had been set, and none of the omitted creditors had knowledge of the bankruptcy case in time to file a claim by the bar date, § 523(a)(3)(A) would apply to prevent the discharge of those debts. Whether the bankruptcy court has discretion to reopen a bar-date case to discharge an inadvertently omitted debt that is not dischargeable under the plain language of § 523(a)(3)(A), is not before the court in this case. Helbling and Klein posit that an "equitable defense" now exists to the harsh result that may follow when a claims bar date is set, but no assets are paid out, and a creditor or two were inadvertently omitted from the schedules. 69 Am. Bankr.L.J. at 54–55. The concerns addressed by Judge Eisenberg that creditors are more than claim filers and should be permitted to participate in the case to assist the trustee are well taken, and omitted creditors certainly are entitled to move to reopen a bankruptcy case if they know of unreported or undervalued assets.[3] However, since *Bilder* was a bar-date case, there was no need to reopen the case to allow the creditors to file § 523(c) nondischargeability complaints; the claims of the omitted creditors already were not discharged under § 523(a)(3)(A).

To the extent that Mr. Guseck's unscheduled debts were garden variety debts,

---

2. Of course, under § 727(b), debts that are nondischargeable under other provisions of § 523 (e.g. student loans, child support, taxes) are not discharged whether they are scheduled or not.

3. Bankruptcy Code § 350(b) provides: "A case may be reopened in the Court in which such case was closed to administer assets, to accord relief to the Debtor, or for other cause."

they were discharged by his January 3, 2002 discharge without the necessity of reopening the case and amending the schedules. However, Mr. Wendt argues that his claim is not garden variety, but rather was created by Mr. Guseck's fraud in a fiduciary capacity. This argument implicates the second category of nondischargeable unscheduled debts: those under § 523(a)(3)(B), covering debts incurred by fraud, embezzlement, larceny, breach of fiduciary duty or willful or malicious conduct.

As stated above, § 523(a)(3)(B) provides that an unscheduled debt will not be discharged if the debt is specified in § 523(a)(2), (4) or (6), and the creditor did not have notice or actual knowledge of the bankruptcy in time to file a complaint to determine the dischargeability of the debt. This makes sense, as debts described in these subsections will be discharged unless the creditor files a complaint to determine dischargeability within 60 days of the § 341 meeting of creditors held during the bankruptcy case. 11 U.S.C. § 523(c)(1); Fed. R. Bankr.P. 4007. Absent the provisions of Bankruptcy Code § 523(a)(3)(B), debtors could obtain a discharge from otherwise nondischargeable debts simply by excluding the injured creditors from the schedules. As noted by Helbling and Klein, "Without the type of special accommodation for omitted debts found at § 523(a)(3)(B), a crafty debtor who has defrauded a creditor could work a second fraud by omitting the debt from the schedules until after the deadline for contesting dischargeability." 69 Am. Bankr.L.J. at 44.

One result of § 523(a)(3)(B) is to remove the deadline for filing nondischargeability complaints under Bankruptcy Code § 523(a)(2), (4) or (6). Another effect is to remove the exclusive jurisdiction of the bankruptcy court over the nondischargeability action. While bankruptcy courts have exclusive jurisdiction over § 523(a)(2), (4) and (6) actions, jurisdiction over all other § 523 actions is concurrent with the state courts. 11 U.S.C. § 523(c)(1); 28 U.S.C. § 1334(b) (2004).

> In sum, the price to the debtor of omitting a debt incurred through fraud, embezzlement, larceny, breach of fiduciary duty, or willful and malicious conduct is loss of exclusive federal jurisdiction and loss of the sixty-day limitation period. Thereafter, the action may be brought, like most other dischargeability actions, at any time and either in a bankruptcy court or in a nonbankruptcy court.

Helbling and Klein, 69 Am. Bankr.L.J. at 44. As with garden variety debts, the discharge of § 523(a)(2), (4) and (6) debts is not affected by whether the case is reopened and the debts are added to the bankruptcy schedules. The deadline for filing nondischargeability complaints already will have run by the time the case is reopened, and the Bankruptcy Rules do not provide for an extension of the deadline after it has passed. *See* Fed. R. Bankr.P. 9006(b)(3) and 4007(d).

■ However, it *would* be appropriate for the debtor or creditor to move to reopen a bankruptcy case to file a declaratory judgment action to determine whether the omitted debt is dischargeable under the provisions of § 523(a)(2), (4) or (6). *See, Karras, supra,* 165 B.R. at 639 (pointing out that Bankruptcy Rule 4007(b) permits either the debtor or the creditor to reopen the bankruptcy case to litigate dischargeability). The debtor may prefer the bankruptcy court's expertise in determining § 523 disputes; the creditor may see an advantage in trying the case elsewhere.

In sum, this court will not reopen Mr. Guseck's bankruptcy case to allow him to amend his bankruptcy schedules and thereby discharge the omitted creditors. The amendment of the schedules simply

will not accomplish the end sought. Since this was a no-asset, no-bar-date case, all garden variety debts already have been discharged. Any unscheduled debts of the kind described in Bankruptcy Code § 523(a)(2), (4) or (6) have not been discharged, but a declaratory judgment action as to their dischargeability may be brought in this court or the state court.

A separate order will be entered granting the motion to reopen, but requiring the debtor to file a declaratory judgment action as to the dischargeability of Mr. Wendt's debt within 30 days of the date of the order, or the case will again be closed. If Mr. Wendt already has sought a determination of the nondischargeability of his debt in a state court, that would be grounds for this court to abstain from the debtor's declaratory judgment action.